**Verna Butler ORR, Appellant,**

v.

**INTERNATIONAL BANK OF COMMERCE, Appellee.**

No. 16628.

Court of Appeals of Texas, San Antonio.

March 30, 1983.

Rehearing Denied April 27, 1983.

Timothy J. Herman, Robert H. Hughes, Austin, for appellant.

J.G. Hornberger, Jr., Laredo, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a take-nothing judgment in a usury case.

On November 12, 1973, Gerald D. Butler executed a promissory note to appellee International Bank of Laredo, Texas (Bank), in the principal sum of $130,000.00, bearing interest at the rate of 10% per annum and payable on or before November 12, 1975. On the day of the loan, Bank withheld $26,000.00 from the $130,000.00 in accord with an agreement between the parties which required the deposit of such sum, totaling two years interest, prior to the funding of the loan. On November 17, 1977 Bank filed suit against Gerald D. Butler, in Cause Number 30,525, on the docket of the 111th Judicial District Court of Webb County, for a declaratory judgment adjudging the $26,000.00 to be a legal rate of interest in accordance with the laws of Texas and not in excess of the amount authorized by statute. On November 18, 1977 Jerry Butler [1] filed suit against Bank, in Cause Number 30,527, on the docket of the 49th Judicial District Court of Webb County, alleging that the $26,000.00 was interest; that it constituted usury; and that it was a violation of Tex. Const. art. XVI, § 11, and Tex.Rev.Civ.Stat.Ann. art. 5069–1.04 (Vernon 1971); and, as a result of which, Bank was subject to the penalties provided in Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1971), i.e. "forfeiture of twice the amount of interest contracted for."

On January 10, 1978, an order was entered by the Honorable E. James Kazen, Judge of the 49th Judicial District Court of Webb County, granting Bank's plea in abatement in Cause Number 30,527 and transferring the cause to the 111th Judicial District Court of Webb County for ultimate consolidation with Cause Number 30,525, pending in such court. On February 2, 1978, the Honorable Lazaro Garza Gongora, Judge of the 111th Judicial District Court of Webb County granted Bank's motion to consolidate and ordered both causes, 30,525 and 30,527 consolidated for trial.

On August 17, 1979, appellant Verna Butler Orr (Orr), as Executrix of the Estate of Jerry Butler, filed a Suggestion of Death suggesting that before verdict, Jerry Butler, plaintiff in Cause Number 30,527, died and that the cause was one which survived and requested that she be appointed and made plaintiff of such suit. The Honorable Antonio Zardenetta, Judge of the 111th Ju-

1. The record clearly establishes that Jerry Butler and Gerald A. Butler were one and the same person.

dicial District Court of Webb County, entered an order on August 20, 1979 making Orr plaintiff in such suit and permitting the suit to proceed in her name. Trial was to a jury on Orr's First Amended Original Petition. The court rendered judgment for Bank that Orr take nothing. Orr presents this appeal from such judgment.

Bank filed a motion in this court to dismiss this appeal for want of jurisdiction. In support of its motion, Bank points out that the death of plaintiff Jerry Butler during the pendency of the suit and prior to trial was established as a matter of law. Bank argues, among other things, that the cause of action was abated upon the death of plaintiff Jerry Butler and therefore this Court has no jurisdiction to take any action in this appeal except to affirm the decision of the trial court or to dismiss this appeal for want of jurisdiction. We disagree.

Orr contends that Bank's Motion to Dismiss for Want of Jurisdiction is simply a plea in abatement alleging that Orr did not have the capacity to sue and that Bank's failure to file such plea prior to trial on the merits or the filing of its general denial constituted a waiver by Bank. Orr's contention is without merit.

■ We are of the opinion that Bank's motion [2] is a challenge to the jurisdiction of the trial court, which has been raised for the first time on appeal and such challenge has not been waived. Lack of jurisdiction in the trial court is fundamental error and is subject to review for the first time on appeal. *Haskett v. Harris,* 567 S.W.2d 841, 843 (Tex.Civ.App.—Corpus Christi 1978, no writ). Therefore, we deem it necessary to review the trial court's jurisdiction.

■ Orr points out that the trial court had jurisdiction of both the subject matter and the parties. The general rule, which is embraced by the Texas courts, is that "jurisdiction" not only embraces the power to hear, but includes as well the authority to enter a judgment. *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, 645 (1933). What is before us is not the question of want of jurisdiction of the subject matter or of the parties. Because the death of plaintiff Jerry Butler prior to trial was established, as a matter of law, the question before us is whether the trial court had jurisdiction to proceed to judgment.

■ In making this determination we must first consider the Constitution of this State. We find nothing in the Constitution giving the trial court the power to proceed to judgment in the instant case. However, we find that Tex.R.Civ.P. 150 reads as follows:

## Death of Party

Where the cause of action is one which survives, no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered, but such suit may proceed to judgment as hereinafter provided.

In our opinion, Rule 150 is a clear declaration by the Legislature of this State that jurisdiction giving the trial court power to proceed to judgment in a suit other than that referred to in such rule, but under the same circumstances set out therein, does not exist.

2. The pertinent portion of Bank's motion reads as follows:

*MOTION TO DISMISS FOR WANT OF JURISDICTION*

\* \* \* \* \* \*

I

As its basis for such motion, the appellee states that prior to the trial of the cause the plaintiff, Jerry Butler, died, and the Trial Court ordered that the cause should proceed in the name of Verna Butler Orr, Executrix of the Estate of the said Jerry Butler. See pp. 94 and 95 of Transcript.

II

When the plaintiff died, the court should have summarily dismissed the action, as the cause of action alleged by plaintiff does not survive the plaintiff's death.

III

Therefore, this Court has no jurisdiction to take any action in this appeal except to affirm the decision of the trial court to dismiss the appeal for want of jurisdiction.

\* \* \* \* \* \*

WHEREFORE, Appellee prays that this Motion to Dismiss be granted and that this cause be dismissed for want of jurisdiction.

\* \* \* \* \* \*

We hold that the instant cause of action did not survive upon the death of plaintiff Jerry Butler. It is well settled that a cause of action for penalties for usury does not survive the death of either the party liable therefor or the party entitled thereto. *Wright v. E.Z. Finance Co.,* 267 S.W.2d 602, 606 (Tex.Civ.App.—Dallas 1954, writ ref'd n.r.e.); *Whorton v. Nevitt,* 42 S.W.2d 1056, 1057 (Tex.Civ.App.—Waco 1931, no writ); 1 Tex.Jur.3d, *Actions* § 185 (1979).

Thus we hold that no jurisdiction was conferred either by the Constitution or by statute giving the trial court power to proceed to judgment in the instant case.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a judgment of dismissal.