**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Richard and Donna WILSON d/b/a Riley's Tavern, Appellees.**

**No. 03-99-00428-CV.**

Court of Appeals of Texas, Austin.

May 31, 2000.

Rehearing Overruled Aug. 10, 2000.

Dewey E. Helmcamp, III, Asst. Atty. Gen., Administrative Law Division, Austin, for TABC.

Carl J. Kolb, San Antonio, for appellee.

Before Chief Justice MARILYN ABOUSSIE, Justices KIDD and POWERS.*

JOHN E. POWERS, Justice (Retired).

The Texas Alcoholic Beverage Commission (the "Commission") appeals from a

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1998).

district-court judgment that reverses a Commission order denying Richard and Donna Wilson's application for an alcoholic-beverage license. We will reverse the district-court judgment and dismiss the appeal.

## THE CONTROVERSY

After the Commission denied their application for a beer-and-wine license, the Wilsons filed in district court, on August 12, 1998, their "Original Petition Appealing Refusal of Alcoholic Beverage License." Therein, the Wilsons prayed that the court set the cause for hearing within ten days, that the Commission order denying their application be set aside on legal grounds specified in the petition, and that their application for the license be granted.

Afterward, the Wilsons filed in the district court their "First Amended Original Petition Appealing Refusal of Alcoholic Beverage License." Therein, they alleged additional grounds for the requested relief, which remained the same in the amended petition.

The Commission appeared in the cause by an "Original Answer and Plea to the Jurisdiction" filed September 21, 1998. The Wilsons responded to the Commission's pleading in a "Second Supplemental Petition" filed on October 29, 1998. On the same day, the cause was heard on the merits in district court.

The final order, signed by the trial judge on June 18, 1999, declares that the cause tried October 29, 1998, that the parties appeared through their respective attorneys, and that "judgment is rendered for the [Wilsons] that the ... Commission shall immediately issue the license made the subject of this appeal." The effect of the court's final order is to reverse or set aside the Commission order denying the Wilsons' application and to require the Commission to issue the license.

## DISCUSSION AND HOLDINGS

The suit in district court was authorized and governed by section 11.67 of the Texas Alcoholic Beverage Code, which provides as follows:

> Sec. 11.67. Appeal from Cancellation, Suspension, or Refusal of License or Permit.
>
> (a) An appeal from an order of the commission ... refusing ... a permit or license may be taken to the district court of the county in which the applicant ... resides.
>
> (b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:
>
> . . . .
>
> (2) the case shall be tried before a judge within 10 days from the date it is filed.

Tex.Alco.Bev.Code Ann. § 11.67 (West 1995).

■ The district court's jurisdiction to review and set aside or reverse the Commission's order in cases like the present derives solely from section 11.67. Trials conducted more than ten days after filing of an "appeal" under section 11.67 are void. *See Cook v. Spears,* 524 S.W.2d 290, 291–92 (Tex.1975); *see also Cook v. Walker,* 529 S.W.2d 762, 762–63 (Tex.1975).

■ The filing of the Wilsons' original petition on August 12, 1998, commenced the "case" or cause and vested the district court with subject-matter jurisdiction. *See* Tex.R.Civ.P. 22; *Texas Alco. Bev. Comm'n v. Wilson,* 573 S.W.2d 832, 835 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.). The district court's power to try the case, under the literal language of section 11.76(b)(2), expired ten days afterward.

The final judgment rendered by the district court declares the case was tried on the merits on October 29, 1998, or a date some seventy-four days after the case was filed on August 12, 1998. Not having been set aside within the time required by the

only statute giving the court authority to do so, the Commission's order became final and enforceable before the district court rendered judgment.

We therefore reverse the district-court judgment and dismiss the appeal, leaving the Commission order in effect as if no appeal had been taken to the district court.