SIERRA CLUB and Downwinders
at Risk, Appellants,

v.

TEXAS NATURAL RESOURCE
CONSERVATION COM-
MISSION, Appellee.

No. 03–99–00880–CV.

Court of Appeals of Texas,
Austin.

July 27, 2000.

Rehearing Overruled Sept. 21, 2000.

Stuart N. Henry, Henry, Lowerre, Johnson, Hess & Frederick, Austin, for Appellants.

Cynthia Woelk, Asst. Atty. Gen., Natural Resources Division, Austin, for TNRCC.

Before Chief Justice ABOUSSIE, Justices KIDD and POWERS.*

JOHN E. POWERS, Justice (Retired).

Sierra Club and Downwinders at Risk ("plaintiffs") appeal from a judgment that dismisses for want of subject-matter jurisdiction their suit for judicial review of a final order issued by the Texas Natural Resource Conservation Commission (the "Commission") in a contested case.[1] We

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The Sierra Club and Downwinders at Risk initiated the suit by a joint petition. Therein

they identified the Sierra Club as a "non-profit, membership corporation with members throughout the United States and approximately 35,000 members in Texas, including many members who reside within the airshed [sic] impacted by the emissions per-

will reverse the judgment and remand the cause to the trial court.

## THE CONTROVERSY

TXI Operations, L.P. (TXI) applied to the Commission for a permit authorizing the burning of solid waste in TXI's cement kilns at Midlothian, which TXI had done previously without the necessity of a permit. The plaintiffs, the Commission's Public Interest Counsel, and seven individuals were parties of record in the contested case that followed the filing of TXI's application. After a hearing, the Commission issued its final order granting the permit.

The plaintiffs filed in the present cause an original petition imputing numerous errors of law to the Commission's decision, naming the Commission as the sole defendant. The Commission was served with citation and appeared in the cause by filing an original answer containing a general denial only. While the other parties of record evidently received copies of the

plaintiffs' petition, they were not served with citation requiring them to appear and answer in the cause.[2]

The trial court construed the plaintiffs' petition as alleging a single cause of action that was purely statutory, authorized and governed by section 361.321 of the Texas Health and Safety Code and another statute discussed below.[3] And because these statutes required service of citation on the other parties, with a copy of the plaintiffs' petition attached thereto, the court concluded the plaintiffs had failed to comply with statutory provisions that were integral parts of their statutory cause of action. Under the doctrine requiring strict compliance with such provisions—a doctrine laid down in *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926)—the trial court dismissed the cause for want of subject-matter jurisdiction.[4] *See Mingus*, 285 S.W. at 1087. The plaintiffs appeal from the judgment of dismissal.

mitted by [the Commission] in this cause." The petition describes Downwinders at Risk as "a non-profit corporation with members who reside within the airshed [sic] which is impacted by the" Commission's issuance of the disputed permit to an applicant identified as TXI Operations, L.P.

A cause of action for judicial review of the Commission's final order is authorized by Section 361.321 of the Texas Health and Safety Code and governed by Sections 2001.171–.178 of the Texas Government Code, a part of the Administrative Procedure Act ("APA"). *See* Tex. Health & Safety Code Ann. § 361.321 (West Supp.2000); Tex. Gov't Code Ann. § 2001.171–.178 (West Supp.2000).

The cause was dismissed for want of jurisdiction before the agency record was filed with the clerk of the trial court. We take our description of the controversy from the clerk's record, chiefly from the plaintiffs' petition, the allegations of which we assume to be true for purposes of testing jurisdiction.

2. The other parties of record in the contested case, who were not served with citation, are TXI, the Commission's Public Interest Counsel, Donald Rivers, Jeanne Rivers, Don Holley, Rachel Seay, Billy R. Holley, Christina McPike, and Thelma McLennan. We shall refer to them in the text hereafter as "the other parties." Although they were not

served with citation, copies of the plaintiffs' petition were delivered to their attorneys or representatives according to allegations in the plaintiffs' petition.

3. The plaintiffs contend on appeal, as they did in the trial court, that their cause of action for judicial review was authorized by other statutes; and, that their petition averred a common-law cause of action and a claim based on a denial of constitutional rights coming within the trial court's inherent jurisdiction rather than jurisdiction conferred solely by statute. We need not decide or discuss these matters because we believe the trial court possessed subject-matter jurisdiction even assuming section 361.321 of the Texas Health and Safety Code governed the cause of action.

4. The doctrine of *Mingus* holds that when a plaintiff asserts a purely statutory cause of action in derogation of the common law, to recover a statutory remedy, subject-matter jurisdiction is not presumed in the reviewing court and the record must show affirmatively as a jurisdictional fact that the plaintiff complied strictly with the statutorily prescribed method for transferring the controversy from the administrative department of government to the district court. *See Mingus*, 285 S.W. at 1087.

## THE STATUTES

Some 84 days after the plaintiffs filed their petition, the Commission filed a plea to the jurisdiction that the trial court sustained. The plea orchestrated two applicable statutes as grounds for the Commission's contention that the trial court lacked subject-matter jurisdiction because the other parties had not received service of citation.

The first statute is section 361.321 of the Texas Health and Safety Code, which the court held was the sole statute under which plaintiffs alleged they were authorized to bring a cause of action for judicial review of the Commission's final order granting the permit requested by TXI. Subsection (a) of the statute provides "[a] person affected by a decision ... of the commission may appeal the action by filing a petition in a district court of Travis County." Tex. Health & Safety Code Ann. § 361.321(a) (West Supp.2000). Subsection (c) of the statute provides that in such actions, save for an exception not material here, "the petition must be filed not later than the 30th day after the date of the ... decision" and "[s]ervice of *citation* must be accomplished not later than the 30th day after the date on which the petition is filed." *Id.* § 361.321(c) (emphasis added). It is undisputed that citation was not served on the other parties of record before the 30th day after the plaintiffs filed their petition. The Commission, the sole defendant named in the plaintiffs' petition, *was* served with citation within the time required.

The second statute governing the plaintiffs' statutory cause of action is Section 2001.176 of the Administrative Procedure Act ("APA"). *See* Tex. Gov't Code Ann. § 2001.176 (West Supp.2000). Subsection (b)(2) of the statute requires that "a copy of the *petition* must be served on the state agency *and* each party of record in the proceedings before the agency." *Id.* § 2001.176(b)(2) (emphasis added). In *E.R.S. v. McKillip*, we held that section 2001.176(b)(2) meant, for reasons set forth

in our opinion, that each party of record in the agency proceedings must be served with a copy of the petition *attached to a citation* issued and served in a manner authorized by Rules 99 through 107 of the Texas Rules of Civil Procedure. *See Employees' Retirement Sys. v. McKillip,* 956 S.W.2d 795, 797–98 (Tex.App.—Austin 1997, no writ). We held, moreover, that the provisions set out in Rules 21 and 21a, authorizing the service of "notice" on other parties (as was evidently done in the present cause), were insufficient to satisfy section 2001.176(b)(2). *Id.* We held finally in *McKillip* that compliance with section 2001.176(b)(2) was essential to the reviewing court's subject-matter jurisdiction under the *Mingus* doctrine, requiring strict compliance with the statute and an affirmative showing of that jurisdictional fact in order to allege a cause of action within the trial court's special statutory jurisdiction.

## DISCUSSION AND HOLDINGS

As we did in *McKillip,* the trial court relied in the present cause on the *Mingus* doctrine in holding the trial court lacked subject-matter jurisdiction. After the trial court judgment in the present cause, however, the supreme court overruled *Mingus* "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000). By necessary implication, the *Dubai* decision also overruled *McKillip* in its entirety. We are now required to consider *Dubai's* application to the grounds upon which the trial court dismissed the plaintiffs' cause of action in the present cause, assuming their petition averred only a purely statutory cause of action under section 361.321 of the Texas Health and Safety Code as the Commission contends and as the trial court concluded.

To understand the holding in *Dubai,* we should first note the particulars of *Mingus* which *Dubai* overruled. In *Mingus,* the plaintiffs were the beneficiaries of a

decedent whose death was covered by workers' compensation insurance. The workers' compensation insurer failed to pay an award ordered by the Industrial Accident Board, and the plaintiffs brought against the insurer a purely statutory cause of action for enforcement of the award. The relevant statutory provisions specified the following elements of such a cause of action: (1) the Industrial Accident Board had made an award in the plaintiffs' favor; (2) the award was against the defendant named in the plaintiffs' suit; (3) the award had not been set aside by the timely filing of a suit seeking such relief; and (4) the injury occurred either in the county where the plaintiffs sued in the enforcement action or in a county where one of them resided. Because these essential elements were not alleged in the plaintiffs' petition, the court held the petition was fatally defective for a want of subject-matter jurisdiction apparent on the face of the pleading—the right to be enforced and the remedy authorized being in derogation of the common law, the statutory provisions were mandatory and exclusive and must be alleged to bring the cause within the trial court's statutory jurisdiction. *See Mingus*, 285 S.W. at 1089–90.

In *Dubai*, the supreme court expressly overruled the part of *Mingus* which held the plaintiffs were required to plead the statutory elements in order to show affirmatively that subject-matter jurisdiction existed in the trial court. That is, at least, our understanding of *Dubai* and its reference to "statutory prerequisites." The primary reason given for overruling the long-standing doctrine of *Mingus* was that classifying such "statutory prerequisites" as issues of subject-matter jurisdiction resulted in making judgments rendered in particular cases perpetually "vulnerable to delayed [collateral] attack for a variety of irregularities that" ought to be precluded by res judicata, because in many instances the irregularities result simply from the parties making "a good-faith mistake in interpreting the law." Such "irregulari-

ties" or "statutory prerequisites" will not, henceforth, go to the question of subject-matter jurisdiction, the court stated, but simply "to the right of the plaintiff to relief." *Dubai Petroleum Co.*, 12 S.W.3d at 76. We are left then to decide what the terms "irregularities" and "statutory prerequisites" mean in context, and whether they encompass the service-of-citation defect at issue in the present appeal.

In *Dubai* itself, the statutory prerequisite in question was the statutory requirement implicit in a statute that gave citizens of foreign countries the right to maintain a wrongful-death action in Texas courts provided the decedent's country of citizenship afforded "equal treaty rights" to United States citizens. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.031(a)(4) (West Supp. 2000). The supreme court held the plaintiffs' burden to demonstrate the existence of such a treaty was not a jurisdictional prerequisite but rather a condition upon which their right to relief depended. *See Dubai Petroleum Co.*, 12 S.W.3d at 76–77.

As the court indicated in *Dubai*, the collective term "statutory prerequisites" encompasses "a variety of irregularities" that are *not* jurisdictional. *See id.* at 76. Given this variety and the generality of the terms involved, we believe one may say with some confidence that they do not include matters that *are* traditionally and undoubtedly elements of subject-matter jurisdiction.

■ A court's subject-matter jurisdiction traditionally consists of a power, conferred by constitutional or statutory provision, to decide the kind of cause alleged in the plaintiff's petition and to award an authorized form of relief. *See* 21 C.J.S. *Courts* § 19 at 24 (1990); 20 Am.Jur.2d *Courts* § 58 at 375, § 70 at 384 (1995). A constitutional delegation of general power to the district courts is found, for example, in article V, section 8, of the Texas Constitution; and a statutory grant of power to such courts is found in section 24.008 of the Texas Government Code, assigning to

the district courts a general power to "hear and determine any cause that is cognizable by courts of law or equity and [to] grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code Ann. § 24.008 (West 1988).

Apart from such general grants of adjudicative power, a statute may grant the district courts, or one or more of them, a special statutory jurisdiction to hear, determine, and award relief in particular kinds of cases that are themselves authorized by statute. And in Section 2001.174 of the APA, the district courts of Travis County are empowered to decide causes and award specified forms of relief in suits for judicial review of administrative-agency actions in contested cases, when such cases are brought before those courts by a cause of action authorized by another statute. *See id.* § 2001.174. Section 2001.038 of the APA empowers the same courts to render declaratory judgments determining the validity or applicability of agency rules. *See id.* § 2001.038.

■ No court possesses unrestricted jurisdiction. A court's jurisdiction may, for example, be limited geographically. We have noted recently that jurisdiction to order a particular form of relief may be restricted to a specified time period. *See Texas Alcoholic Beverage Comm'n v. Wilson*, 22 S.W.3d 612 (Tex.App.—Austin 2000, no pet. h.). The power to award relief is an essential component of subject-matter jurisdiction, and it may be restricted by a statute limiting the kinds of relief that may be rendered in certain kinds of cases. *See Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 645 (1933); *Orr v. International Bank of Comm.*, 649 S.W.2d 769, 770 (Tex.App.—San Antonio 1983, no writ). One finds distinctions of these kinds even in the APA itself.

Section 2001.174 of the APA empowers the reviewing court to examine the agency record for error in cases of substantial-evidence review; but if prejudicial error is found, the statute only empowers the court to reverse or remand the case to the agency. *See* Tex. Gov't Code Ann. § 2001.174(2). This is a direct restriction on the special statutory jurisdiction delegated to the court in the APA—the court is not free generally to render the *kind of relief* it believes the agency should have awarded based on the agency record. And the court's statutory power in such cases extends only to actions against an agency's "final decision in a contested case"—a direct restriction on the *kind of cause* the court may decide. *See id.* § 2001.171. Section 2001.175(b), on the other hand, is distinctly different in requiring that the record of agency proceedings be filed with the clerk of the court. *See id.* § 2001.175(b). This is obviously a "statutory prerequisite" to judicial review under the substantial-evidence rule, but it neither defines, enlarges, nor restricts the class of causes the court may decide or the relief the court may award. It is not, therefore, a requirement going to the reviewing court's subject-matter jurisdiction.

■ Section 361.321(c) of the Texas Health and Safety Code and section 2001.176(b)(2) of the APA, insofar as they require service of citation on a party of record in the contested case, do not define, enlarge, or restrict the class of causes the court may decide or the relief that may be awarded. Thus a failure to comply with their requirements is not, we believe, a defect that goes to the trial court's subject-matter jurisdiction under *Dubai*.[5] We hold accordingly and conclude the trial court erred in dismissing the plaintiffs' cause of action.

We therefore reverse the judgment of dismissal and remand the cause to the trial court. Our reversal on the ground indicated makes it unnecessary to consider the plaintiffs' other appellate contentions.

---

**5.** The question of in personam jurisdiction over the other parties is not before us.

MACK KIDD, Justice, concurring.

I concur in the result reached by the majority opinion. I agree that *Dubai* has changed the jurisdictional landscape, and I agree that the trial court clearly had subject-matter jurisdiction to hear this cause. I also agree with the majority that *Dubai* has overruled our decision in *McKillip* in its entirety. However, I choose to write separately to emphasize that under the law there is, in actuality, no statutory impediment present in this case.

This is a suit for judicial review of an agency order. The Texas Natural Resource Conservation Commission (the "Commission") granted TXI Operations, L.P. ("TXI") a permit to burn solid waste in TXI's cement kilns at Midlothian. Appellants, Sierra Club and Downwinders at Risk, challenged the issuance of the permit and after losing before the Commission, sought judicial review in district court. Appellants brought their appeal in district court, alleging in their petition jurisdiction under the authority of, *inter alia,* section 382.032 of the Health and Safety Code (the "Clean Air Act") and section 5.351 of the Texas Water Code.[1] *See* Tex. Health & Safety Code Ann. § 382.032 (West Supp. 2000); Tex. Water Code Ann. § 5.351 (West 2000). These statutes contain detailed provisions regarding the steps necessary to appeal a ruling, order, decision, or other act of the Commission. With minor irregularities not relevant to this appeal, all require that the appeal be filed in district court within thirty days and that service of citation be had upon the *Commission* within thirty days of the filing of the petition.[2] Nowhere within the organic statutes governing the Commission is there any requirement that TXI, the applicant, be served at all, either by citation or by the more informal methods of providing notice under rules 21 and 21a of the Texas Rules of Civil Procedure. Nevertheless, the district court relied upon our decision in *McKillip* and held that certain provisions of the Administrative Procedure Act (the "APA") mandate that each party of record in the agency proceedings be served a copy of the petition. I disagree with this decision.

First, as the majority observes, *McKillip* has been overruled in its entirety by *Dubai.* Second, the section of the APA relied upon by appellees and cited by the district court in its order of dismissal applies only in the absence of other controlling provisions. That section states in pertinent part: *"Unless otherwise provided by statute ... a copy of the petition must be served on the state agency and each party of record in the proceedings before the agency...."* Tex. Gov't Code Ann. § 2001.176(b)(2) (West Supp.2000). In this case, other applicable statutes exist that *explicitly* deal with service and notice of

---

1. Although not specifically cited in the petition for judicial review, appellants in their brief added section 361.321 of the Texas Health and Safety Code (the "Solid Waste Disposal Act") as an additional section authorizing an appeal from the Commission's final order. *See* Tex. Health & Safety Code Ann. § 361.321 (West Supp.2000).

2. For example, section 382.032, entitled "Appeal of Commission Action," provides that where a person affected by a ruling, order, decision, or other act of the Commission or executive director appeals by filing a petition in a Travis County district court, "[s]ervice of citation *on the commission* must be accomplished within 30 days after the date on which the petition is filed." Tex. Health & Safety Code Ann. § 382.032(a) (emphasis added). "Citation may be served on the executive di-

rector or any commission member." *Id.* § 382.032(c). This section specifically applies to appeals made pursuant to the Clean Air Act, and nowhere does it require service of citation on every entity that was a party to the proceedings at the agency level. The remaining two provisions found in the Solid Waste Disposal Act and the Water Code are entirely silent on who must be served but by implication strongly suggest that it is the Commission that must be served. *See id.* § 361.321(c); Tex. Water Code Ann. §§ 5.351, 5.357 ("Law suits filed by and against the commission or executive director shall be in the name of the commission. In suits against the commission or executive director, citation may be served on the executive director.").

appeals made pursuant to the Clean Air Act, Solid Waste Disposal Act, and the Water Code. *See* Tex. Health & Safety Code Ann. §§ 361.321, 382.032; Tex. Water Code Ann. § 5.357 (West 2000). As a consequence, the APA provision is inapplicable to this appeal. None of the provisions applicable to the instant case require service of citation on *all parties* involved at the agency level. As stated previously, the Clean Air Act requires only that the Commission be served with citation within thirty days after the date of the order. *See* Tex. Health & Safety Code Ann. § 382.032(a). The corresponding provisions of the Solid Waste Disposal Act and Water Code are entirely silent on the issue of what parties, if any, other than the Commission must be served with citation. *See id.* § 361.321(c); Tex. Water Code Ann. § 5.357. Because these specific provisions are controlling on the issue and none require service of citation on all parties involved at the agency level, service on TXI was not a statutory prerequisite necessary in this case before the district court could undertake a review of the Commission's order. Thus, although I concur with the result reached by the majority, I would venture even further to emphasize that the present case in no way implicates the statutory impediments this Court discussed in *McKillip.*