HEART HOSPITAL IV, L.P. and Texas
Workforce Commission, Appellants,

v.

Charles A. KING, Appellee.

No. 03–02–00196–CV.

Court of Appeals of Texas,
Austin.

Aug. 29, 2003.

Rehearing Overruled Oct. 30, 2003.

Victor Navasca Corpuz, Jackson Lewis Schnitzler & Krupman, Dallas, for appellant Heart Hospital.

Anthony Aterno, Assistant Attorney General, Taxation Division, Austin, for Texas Workforce.

Jody R. Mask, Derek A. Howard, Austin, for appellee.

Before Justices KIDD, PATTERSON and PURYEAR.

## OPINION

DAVID PURYEAR, Justice.

After the Texas Workforce Commission ("the Commission") denied appellee Charles A. King's application for unemployment benefits, King sought review of the Commission's decision in a Travis County district court. Upon realizing that his suit for judicial review should have been filed in Bastrop County, King moved to dismiss his Travis County suit and refiled it in Bastrop County. Both the Commission and Heart Hospital IV, L.P. ("Heart Hospital") filed pleas to the jurisdiction. The district court denied the Commission's plea; the Commission and Heart Hospital appeal the denial of the plea.[1] *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (West Supp.2003). We will reverse the district court's denial of the Commission's plea to the jurisdiction and dismiss the cause.

## BACKGROUND

According to King's pleadings, he was employed by Heart Hospital as a systems engineer from January 1999 until April 2000. Heart Hospital required its employees to submit to random drug tests. King had passed four drug tests during his employment, but on April 25, 2000, Heart Hospital informed King that he had failed his fifth drug test by testing positive for marihuana. Heart Hospital immediately fired King based on the results of the drug test.

On April 30, King filed for unemployment benefits with the Commission and was approved. Heart Hospital appealed the decision. Following an investigation into Heart Hospital's testing procedures, the Commission's appeal tribunal determined that the hospital's testing procedures were flawed and affirmed its initial determination approving King's application for unemployment benefits. Heart Hospital appealed this decision to the full Commission. On January 10, 2001, the Commission issued its decision, reversing the appeal tribunal's prior determination, denying King unemployment benefits, and ordering King to repay $6,174 in benefits

---

1. Although Heart Hospital filed its own plea to the jurisdiction with the district court, the district court's order, which is entitled, "ORDER ON PLAINTIFF'S OPPOSITION TO DEFENDANT'S PLEA TO THE JURISDICTION OF TEXAS WORKFORCE COMMISSION," only addresses the Commission's plea. The clerk's record filed with this Court includes a motion filed by Heart Hospital, requesting that the district court correct its order so that it reflects the court's denial of Heart Hospital's plea to the jurisdiction as well. There is nothing in the record indicating that the district court corrected its order. In any event, section 51.014 of the civil practice and remedies code allows a party to bring an interlocutory appeal of a trial court's order that "grants or denies a plea to the jurisdiction *by a governmental unit.*" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp.2003) (emphasis added). Thus, in this interlocutory appeal, we will address the district court's order denying *the Commission's* plea to the jurisdiction.

already received. King sought a rehearing, and on March 6, 2001, the Commission overruled the motion for rehearing.

King initially filed his petition for judicial review of the Commission's decision in Travis County on March 30, 2001. After discovering that his petition for judicial review should have been filed in Bastrop County, King moved to dismiss his petition without prejudice, which the Travis County court granted on June 11. King refiled in Bastrop County on July 9, 2001, 28 days after the dismissal of his initial suit and 125 days after the decision of the Commission became final. Both the Commission and Heart Hospital filed pleas to the jurisdiction, alleging that King did not seek review of the Commission's decision within fourteen days after it became final, as mandated by section 212.201 of the labor code. The district court denied the Commission's plea.

## DISCUSSION

■ A party seeking judicial review of a Commission decision must bring his action not later than fourteen days after the Commission's decision becomes final. Tex. Lab.Code Ann. § 212.201(a) (West 1996). A Commission decision becomes final fourteen days after it is mailed to the parties. *Id.* § 212.153 (West 1996). In this case, the Commission mailed its final decision on March 6, 2001. The decision thus became final on March 20, fourteen days later. Accordingly, King was required to seek judicial review of the Commission's decision by April 3, fourteen days after the decision became final. It is undisputed that King did not file his petition for judicial review in Bastrop County until July 9, well past the fourteen-day deadline.

■ Both the Commission and Heart Hospital present a single issue for our review: Whether the district court erred in denying the Commission's plea to the jurisdiction based on King's failure to file his suit for judicial review in Bastrop County within fourteen days as required by statute. Whether the district court had subject-matter jurisdiction presents a question of law and is reviewed de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). We must begin our analysis by first determining whether compliance with the statutory fourteen-day deadline is jurisdictional. Failure of a party to comply with statutory requirements is no longer an absolute bar to review of an agency determination. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000) (overruling *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926)); *see also Helton v. Railroad Comm'n,* No. 01–01–01007–CV, —— S.W.3d ——, ——, 2003 WL 21299819, at *6, 2003 Tex.App. LEXIS 4832, at *16–17 (Houston [1st Dist.] June 5, 2003, no pet. h.). Some statutory prerequisites, however, remain jurisdictional. *Sierra Club v. Texas Natural Res. Conservation Comm'n,* 26 S.W.3d 684, 687 (Tex.App.-Austin 2000), *aff'd on other grounds,* 70 S.W.3d 809 (Tex.2002). This Court has distinguished "statutory prerequisites" from those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." *Id.* at 687–88. A jurisdictional statutory requirement is one that "defines, enlarges, [or] restricts the class of causes the court may decide or the relief the court may award." *Id.* at 688; *accord Helton,* —— S.W.3d at ——, 2003 WL 21299819, at *6, 2003 Tex.App. LEXIS 4832, at *17. A statutory requirement that does none of these may nevertheless affect a plaintiff's right to relief, but it is not jurisdictional. *Helton,* —— S.W.3d at ——, 2003 WL 21299819, at *6, 2003 Tex.App. LEXIS 4832, at *17; *see also Hill v. Board of Trs. of the Ret. Sys.,* 40 S.W.3d 676, 679 (Tex.App.-Austin 2001, no pet.). Applying these principles, this

Court has held that failure to exhaust all administrative remedies, including the timely filing of a motion for rehearing, is jurisdictional "because the filing of the motion for rehearing defines and restricts the kind of case a district court may hear." *Hill*, 40 S.W.3d at 679.

 Similarly, the statutory fourteen-day deadline also defines and restricts the kind of case that district courts may hear. The district court is generally without jurisdiction to review the agency's decision unless and until the plaintiff files a petition for judicial review within the statutorily prescribed fourteen days. If the fourteen days expire and the plaintiff has failed to file a petition for judicial review, the Commission's decision becomes final and unappealable. *See Texas Alcoholic Beverage Comm'n v. Wilson*, 22 S.W.3d 612, 613–14 (Tex.App.-Austin 2000, pet. denied). No trial court can review the Commission's decision at that point; hence, the scope of the trial court's jurisdiction is limited. Therefore, we hold that the statutory fourteen-day deadline is a jurisdictional statutory prerequisite and a party's failure to comply with it deprives the trial court of jurisdiction to review the Commission's decision.

Neither party disputes that King filed his petition for judicial review in Bastrop County 125 days after the Commission's decision became final. He thus failed to comply with the fourteen-day filing deadline, which we have held is a jurisdictional statutory prerequisite. The Bastrop County court therefore had no jurisdiction to entertain King's suit for judicial review.

 King argues, however, that because he filed his petition for judicial review within the fourteen-day deadline in Travis County, some tolling theory should be applied to extend the time under which he was able to refile his action in the proper court, such as the sixty-day tolling provision of section 16.064 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.064 (West 1997).[2] Section 16.064 has always been understood as "remedial." *Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex.App.-Austin 1991, no writ); *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex.Civ.App.-Austin 1944, writ ref'd w.o.m.). The sixty-day tolling provision "was intended to cover every case where the effect of the final judgment or order of the first court was tantamount to a dismissal because the action was mistakenly but in good faith brought in the wrong court." *Burford*, 186 S.W.2d at 310. It is "meant to be all-inclusive, embracing both voluntary action on the part of the plaintiff and every species of form or order, judgment or decree, which terminates the action if it be because of the fact that the suit was brought in the wrong court." *Id.* at 311. Liberally construing the tolling theory arguably applies it to a voluntary dismissal on the basis of improper venue. While this may be true, it has consistently

2. Section 16.064 provides:
 (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
 (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

 (2) not later than the 60th day after the date the dismissal or other disposition become final, the action is commenced in a court of proper jurisdiction.
 (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.
 Tex. Civ. Prac. & Rem.Code Ann. § 16.064 (West 1997).

been recognized that section 16.064 does not apply to special statutory proceedings. *See Gutierrez v. Lee,* 812 S.W.2d 388, 392 (Tex.App.-Austin 1991, writ denied). Because section 16.064 is an exception to the general limitations provisions, it does not apply to proceedings created by statutes, such as statutory reviews of administrative decisions. *Id.; see also Argonaut Southwest Ins. Co. v. Walker,* 64 S.W.3d 654, 657 (Tex.App.-Texarkana 2001, pet. denied) ("Section 16.064 is a general statute of limitation which does not affect special statutory proceedings"); *Castillo v. Allied Ins. Co.,* 537 S.W.2d 486, 487 (Tex.Civ. App.-Amarillo 1976, writ ref'd n.r.e.) (mandatory twenty-day appeal period of Worker's Compensation Board decision is not affected by sixty-day tolling provision because provision "does not affect special statutory proceedings"). The fourteen-day filing deadline in this case is a jurisdictional statutory prerequisite to King's maintaining a suit for judicial review; it is not a statute of limitations. Therefore, the sixty-day tolling provision of section 16.064 is not applicable when the legislature has made the choice that review of a decision by the Commission regarding unemployment benefits must be filed within fourteen days of the decision becoming final. Applying section 16.064 to allow a plaintiff to refile following a voluntary dismissal of his original suit would be to circumvent the entire basis for the legislature providing a limited time available for review.

▮▮▮ King also argues that equitable tolling should apply in this case. King relies on the equitable tolling theory articulated by this Court in *Palmer v. Enserch Corp.,* 728 S.W.2d 431 (Tex.App.-Austin 1987, writ ref'd n.r.e.), and the supreme court in *Enserch Corp. v. Parker,* 794 S.W.2d 2 (Tex.1990). Under this theory, "[s]tatutes of limitations should not apply in situations in which no party is misled or

disadvantaged by an error in pleading." *Walls v. Travis County,* 958 S.W.2d 944, 946 (Tex.App.-Austin 1998, pet. denied) (citing *Palmer,* 728 S.W.2d at 434). This theory, however, has been applied only in times "[w]hen the wrong defendant is sued and the proper defendant is not named until after limitations has expired." *Id.* Moreover, the theory applies to the affirmative defense of limitations. Again, the case before us does not present a limitations issue, but rather a jurisdictional statutory prerequisite. Once King failed to comply with that statutory prerequisite, his cause could not be saved by a tolling provision applicable only to statutes of limitations; the district court simply did not have jurisdiction.

▮▮▮ Even if we were to extend the theory of equitable tolling to statutory proceedings, it would not apply so as to completely overrule the choices made by the legislature. A plaintiff must exercise diligence in the prosecution of his suit. *Palmer,* 728 S.W.2d at 434. To this end, the legislature requires that a suit for judicial review of the Commission's decision be brought in "a court of competent jurisdiction . . . not later than the 14th day after" the date the decision becomes final. Tex. Lab.Code Ann. § 212.201. If the equitable theory were to apply, it would apply so as to allow a plaintiff to refile his action within fourteen days after the date of dismissal. King has clearly not used diligence in the prosecution of his suit by filing his suit in Bastrop County twenty-eight days after dismissal of the suit in Travis County. It is disingenuous to the purpose of the equitable tolling theory to think that it would allow a plaintiff twice as long to refile a suit as he had to file it initially. Allowing a plaintiff to voluntarily dismiss an action improperly filed and then refile the action in the proper district court more than fourteen days later would be

contrary to the direct purpose of section 212.201.

## CONCLUSION

We hold that the fourteen-day deadline found in section 212.201 of the labor code is a jurisdictional prerequisite for seeking judicial review. Because King failed to file his petition for judicial review within this fourteen-day time frame, the district court was without jurisdiction to consider his cause. Accordingly, we reverse the district court's order denying the Commission's plea to the jurisdiction and dismiss the cause, leaving the Commission's order in effect as if no suit for judicial review had been filed in the district court.

Dissenting Opinion by Justice KIDD.

MACK KIDD, Justice, dissenting.

The narrow issue we are asked to decide today is whether King perfected his suit for judicial review by filing a lawsuit with a district court, albeit in the wrong county, within the statutory time limit, as directed by the Texas Labor Code. Because I would answer this question in the affirmative, I respectfully dissent.

The Commission argues that because King did not seek review of the Commission's decision in *Bastrop County* until July 9, more than three months after the Commission decision became final, the trial court had no jurisdiction to consider King's claim. According to the allegations in King's original petition for judicial review, which we accept as true, *see Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.), King did in fact seek judicial review of the Commission's decision within fourteen days after it became final. In his petition, he states that he initially filed a petition for judicial review on March 30, 2001; however, he filed that petition in Travis County rather than Bastrop County. We must therefore deter-

mine whether King's filing of his petition for judicial review within the fourteen-day deadline was sufficient to perfect his appeal even though he filed the petition in the wrong county. In other words, we must determine whether the statute specifying the county in which one must file suit for judicial review is jurisdictional in nature or presents a question of venue.

The relevant statute provides:

An action under this subchapter must be filed:

(1) in the county of the claimant's residence; or

(2) if the claimant is not a resident of this state, in:

 (A) Travis County;

 (B) the county in this state in which the claimant's last employer has its principal place of business; or

 (C) the county of the claimant's last residence in this state.

Tex. Lab.Code Ann. § 212.204 (West 1996).

The supreme court in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex.2000), overruled the longstanding doctrine that "where the cause of action and remedy for its enforcement are derived not from common law but from statute," there is no presumption of jurisdiction in the district court and a plaintiff's failure to establish a statutory prerequisite deprives the court of jurisdiction. *Id.* at 75–76 (quoting and overruling *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926)); *see also Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 472 (Tex.App.-Austin 2002, no pet.). The *Dubai* court reasoned that the *Mingus* rule had "resulting practical difficulties" that suggest "underlying logical flaws." *Dubai*, 12 S.W.3d at 76. According to the court, the old rule made judgments vulnerable to collateral attacks on

their validity where the district court or the parties made a good faith mistake in interpreting the law. *Id.* The court criticized the *Mingus* rule for wrongly assuming that "something is functionally different about a non-common law proceeding, and that, therefore courts are justified in regarding such proceedings in a harsher light." *Id.* (quoting Dobbs, *Trial Court Error as an Excess of Jurisdiction,* 43 Tex. L.Rev. 854, 878–79 (1965)). Thus, the court "overrule[d] *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.*

Statutory prerequisites generally are no longer jurisdictional. We presume all claims "fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere." *Id.* at 75. This Court has distinguished "statutory prerequisites" from those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." *Sierra Club v. Texas Natural Res. Conservation Comm'n,* 26 S.W.3d 684, 687 (Tex.App.-Austin 2000), *aff'd on other grounds,* 70 S.W.3d 809 (Tex.2002). We must look to the statute itself to determine whether it is jurisdictional. *Hafley,* 96 S.W.3d at 473.

Unlike the statute at issue in *Hafley,* section 212.204 of the labor code is not designated as a venue provision, nor is it expressly described as jurisdictional. The language of the statute, however, is instructive. Depending on the plaintiff's residence, the statute permits the plaintiff to *choose* among several courts in filing his claim for judicial review. Tex. Lab.Code Ann. § 212.204. The statute does not define, enlarge, or restrict the scope of causes a specific court may hear or the substantive power of the court to award relief. *See Hafley,* 96 S.W.3d at 473; *Sierra Club,* 26 S.W.3d at 688. Nor does the statute prohibit certain district courts from exercising jurisdiction over appeals from the Commission's decision. *See Hafley,* 96 S.W.3d at 473. To the contrary, any district court would have jurisdiction over a suit of this kind; the statute merely specifies the factors governing a *plaintiff's* choice among several courts to maintain the suit for judicial review. When a statutory prerequisite affects only the venue in which a party may file his claim without substantively affecting the types of claims the court may consider or the relief it may award, the statutory prerequisite is not jurisdictional. *See Kshatrya v. Texas Workforce Comm'n,* 97 S.W.3d 825, 831 (Tex.App.-Dallas 2003, no pet.); *Hafley,* 96 S.W.3d at 473; *Sierra Club,* 26 S.W.3d at 688; *see also Brodhead v. Dodgin,* 824 S.W.2d 616, 619 (Tex.App.-Austin 1991, writ denied) (filing error not jurisdictionally fatal); *Whitson v. Harris,* 792 S.W.2d 206, 209 (Tex.App.-Austin 1990, writ denied) (filing of lawsuit in improper venue did not divest trial court of jurisdiction). In contrast, this Court has held that failure to exhaust administrative remedies is jurisdictional because every trial court is restricted from hearing those cases in which the plaintiff has failed to exhaust all administrative remedies; thus, failure to exhaust administrative remedies substantively affects the types of claims the court may consider. *Hill v. Board of Trs. of the Ret. Sys.,* 40 S.W.3d 676, 679 (Tex.App.-Austin 2001, no pet.). Because section 212.204 limits a *plaintiff's* choice regarding where he may physically file suit but does not restrict the types of claims the *trial court* may consider, I would hold that section 212.204 addresses venue rather than subject-matter jurisdiction.

Moreover, to hold that filing one's petition for judicial review in the proper court is a jurisdictional prerequisite, as the majority does, presents the very risk that the *Dubai* court warned about, that is, that the

trial court's final judgment may be vulnerable to collateral attack. *See Dubai,* 12 S.W.3d at 76. If, for instance, King had never voluntarily dismissed his Travis County suit for judicial review and the Commission had never filed a plea to the jurisdiction or in any way challenged the venue, King's suit would likely have been tried and resulted in a final judgment. Applying the majority's analysis, if the Commission were dissatisfied with that judgment, it could then collaterally attack the judgment arguing that the Travis County court was without jurisdiction to consider King's suit for judicial review. This is the exact situation that the *Dubai* court sought to avoid. Accordingly, I would hold that King perfected his appeal for judicial review by the original filing of suit in district court.

King did in fact comply with the fourteen-day deadline by filing his petition on March 30 in Travis County; however, he did not comply with section 212.204, which addresses venue. I recognize that King voluntarily dismissed his Travis County suit for judicial review and refiled it in Bastrop County. That issue, however, is not before us. The only jurisdictional issue raised by the Commission's plea to the jurisdiction was whether King filed his petition within the fourteen-day deadline. By filing his petition within the statutory fourteen-day time frame, albeit in the wrong county, I would hold that King satisfied the jurisdictional requirements to perfect his appeal of the Commission's decision. Accordingly, I would overrule appellants' sole issue and affirm the trial court's denial of the Commission's plea to the jurisdiction.