11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Wayne Boyd
            Appellant
Vs.                  No. 11-03-00283-CV -- Appeal from Callahan County
Winn Dixie Stores, Inc. and 
Texas Workforce Commission

            Appellees
 
            After the Texas Workforce Commission (TWC) denied Wayne Boyd’s application for
unemployment benefits, he sought review of the TWC’s decision in a district court in Taylor County. 
The district court dismissed Boyd’s claim for want of jurisdiction for failure to bring a timely suit
for judicial review. Boyd did not appeal that judgment. Following the dismissal in Taylor County,
Boyd filed suit in district court in Callahan County. That court also dismissed Boyd’s claim for want
of jurisdiction for failure to bring a timely suit for judicial review. Boyd appeals the Callahan
County decision; he filed the lawsuit pro se and brings the appeal pro se. We affirm.
            A party aggrieved by a final decision of the TWC may obtain judicial review of the decision
by bringing an action in a court of competent jurisdiction on or after the date on which the decision
is final and not later than the 14th day after that date. TEX. LAB. CODE ANN. § 212.201(a)
(Vernon 1996). A commission decision becomes final 14 days after it is mailed to the parties. 
TEX. LAB. CODE ANN. § 212.153 (Vernon 1996). Therefore, the suit contesting the decision of
the TWC must be filed within 28 days after the TWC mails its decision. The deadline found in
Section 212.201(a) is a jurisdictional prerequisite for seeking judicial review. See Heart Hospital
IV, L.P. v. King, 116 S.W.3d 831, 835 (Tex.App. - Austin 2003, pet’n filed). 
            In this case, the TWC mailed its final decision on April 23, 2002. The decision became final
on May 7, 2002. The deadline for judicial review was May 21, 2002. Boyd did not file suit in
Callahan County until January 31, 2003, more than 8 months after the statutory deadline. Because
Boyd did not meet the statutory prerequisites for judicial review of the TWC’s decision, the trial
court was without jurisdiction to hear the case.
            In essence, because Boyd did not comply with the deadline set forth in the statute, sovereign
immunity had not been waived. The proper remedy was to dismiss the lawsuit for want of juris-diction. Speer v. Stover, 685 S.W.2d 22, 23 (Tex.1985). The the trial court did not err by dismissing
the case for want of jurisdiction.
            We affirm the judgment of the Callahan County trial court.
 
                                                                                                PER CURIAM
 
October 21, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.