Opinion issued January 12, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00424-CV




JENNIFER T. CARRINGTON, Appellant

V.

TEXAS WORKFORCE COMMISSION AND LEVINSON ASSOCIATES,
L.P., Appellees




On Appeal from the County Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 799666




MEMORANDUM OPINION

          In this unemployment compensation appeal, appellant, Jennifer T. Carrington,
challenges the trial court’s rendition of summary judgment in favor of appellees,
Texas Workforce Commission (“TWC”) and Levinson Associates, L.P. (“Levinson”). 
In three issues on appeal, Carrington argues that (1) the administrative agency’s final
determination was not supported by substantial evidence; (2) genuine issues of
material fact precluded the trial court from granting summary judgment in favor of
appellees; and (3) the trial court failed to consider material evidence before rendering
judgment. 
          We affirm.
Background
          Carrington began working for Levinson on February 12, 2001. During the next
year, Carrington received unfavorable reviews from her supervisors. On June 21,
2002, Carrington gave her two-week notice that she was resigning to start a family
and to have a shorter commute to work. 
          On November 19, 2002, Carrington applied for unemployment benefits with
TWC. By letter dated December 4, 2002, TWC denied Carrington’s request for
benefits because it found that she left work for personal reasons.


 The letter informed
Carrington that if she wanted to appeal, she had to do so by December 18, 2002.



          Carrington appealed TWC’s decision to the Appeals Tribunal via a letter dated
March 14, 2003.


 On March 19, 2003, the Appeals Tribunal dismissed Carrington’s
appeal for lack of jurisdiction because her appeal was untimely. The dismissal letter
informed Carrington that she could appeal the dismissal to the Commission, but she
had to do so by April 2, 2003. Carrington appealed the dismissal, which the
Commission affirmed on June 11, 2003.


 The Commission also informed Carrington
that she could appeal no later than June 25, 2003.


 
          Carrington then sought judicial review of TWC’s dismissal to the county
court.


 Levinson moved for summary judgment,


 contending that the trial court did
not have jurisdiction because Carrington failed to timely appeal TWC’s initial
determination. The trial court granted Levinson’s motion for summary judgment on
February 18, 2004, and this appeal ensued. 
          On June 10, 2004, Levinson filed a motion for damages pursuant to Rule 45,
which we ordered to be taken with the case. See Tex. R. App. P. 45. On the same
day, Levinson filed a motion to strike an affidavit attached to Carrington’s appellate
brief. By order dated July 2, 2004, we granted Levinson’s motion.
Unemployment Benefits
          The trial court reviews a TWC decision de novo to determine whether there is
substantial evidence to support that decision. Tex. Lab. Code Ann. § 212.202(a)
(Vernon Supp. 2005); Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986); City of
Houston v. Morris, 23 S.W.3d 505, 507 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). “Substantial evidence” is more than a scintilla, but less than a preponderance
of the evidence. City of Houston v. Tippy, 991 S.W.2d 330, 334 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Under the substantial-evidence review, the
issue is whether the evidence introduced before the trial court shows facts in
existence at the time of TWC’s decision that reasonably support the decision. 
Collingsworth Gen. Hosp. v. Hunnicutt, 988 S.W.2d 706, 708 (Tex. 1998); Morris,
23 S.W.3d at 507. The party seeking to set aside a TWC decision has the burden of
proving that it is not supported by substantial evidence. Mercer, 701 S.W.2d at 831. 
In determining whether there is substantial evidence to support an agency’s decision,
the trial court determines whether reasonable minds could have reached the same
conclusion the agency reached. Dotson v. Texas State Bd. of Med. Examiners, 612
S.W.2d 921, 922 (Tex. 1981); Morris, 23 S.W.3d at 507. Whether TWC’s decision
was supported by substantial evidence is a question of law. Morris, 23 S.W.3d at
508. The trial court may set aside a TWC decision only if the court finds that the
decision was made without regard to the law or the facts and, therefore, was
unreasonable, arbitrary, or capricious. Mercer, 701 S.W.2d at 831; Morris, 23
S.W.3d at 508. Because the determination of whether TWC’s decision was supported
by substantial evidence is a question of law, we review the trial court’s determination
de novo. See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc., 8 S.W.3d 309, 312
(Tex. 1999). We look at the evidence presented to the trial court, not to the agency
record. Nuernberg v. Texas Employment Comm’n, 858 S.W.2d 364, 365 (Tex. 1993).
          In its motion for summary judgment, Levinson argued that the trial court had
no jurisdiction over Carrington’s suit because Carrington failed to timely appeal
TWC’s initial determination that was rendered on December 4, 2002. According to
her affidavit, attached to her response, Carrington received TWC’s initial letter
denying her benefits about a day or so before the appeals deadline. Carrington states
that she called TWC immediately and was told that her account would remain open. 
The trial court granted Levinson’s motion for summary judgment without stating its
reasons.
          Whether the county court had subject-matter jurisdiction presents a question
of law and is reviewed de novo. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998). Failure to exhaust all administrative remedies, including the timely
filing of a motion for rehearing, is jurisdictional “because the filing of the motion for
rehearing defines and restricts the kind of case a district court may hear.” Hill v.
Board of Trustees of the Ret. Sys. of Tex., 40 S.W.3d 676, 679 (Tex. App.—Austin
2001, no pet.). The trial court is generally without jurisdiction if the plaintiff fails to
exhaust her administrative remedies. Essenburg v. Dallas County, 988 S.W.2d 188,
189 (Tex. 1998). A party claiming to be aggrieved by a final decision of the
commission may not obtain judicial review of the decision unless the party has
exhausted the party’s remedies before the commission. Tex. Lab. Code Ann. §
212.203 (Vernon 1996). “Failing to timely appeal the initial determination leaves
both the [TWC] and the trial court without jurisdiction to hear the case.” Brown v.
Texas Employment Comm’n, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.]
1990, writ denied). The Austin Court of Appeals has held that the statutory 14-day
deadline in section 212.201, which is similar to section 208.23, defines and restricts
the kind of case that district courts may hear. See Heart Hospital IV, L.P. v. King,
116 S.W.3d 831, 835 (Tex. App.—Austin 2003, no pet.). In Heart Hospital, the court
stated, 
The district court is generally without jurisdiction to review the agency’s
decision unless and until the plaintiff files a petition for judicial review
within the statutorily prescribed fourteen days. Id. If the fourteen days
expire and the plaintiff has failed to file a petition for judicial review,
the Commission’s decision becomes final and unappealable. See Texas
Alcoholic Beverage Comm’n v. Wilson, 22 S.W.3d 612, 613–14 (Tex.
App.—Austin 2000, pet. denied). No trial court can review the
Commission’s decision at that point; hence, the scope of the trial court’s
jurisdiction is limited. Therefore, we hold that the statutory
fourteen-day deadline is a jurisdictional statutory prerequisite and a
party’s failure to comply with it deprives the trial court of jurisdiction
to review the Commission’s decision.

Id.
          Here, the record reflects that Carrington received TWC’s initial letter that
denied her request for benefits. Carrington knew that she needed to file an appeal by
December 18, 2002. Carrington failed to file written notice of appeal from TWC’s
initial denial of benefits determination until approximately three months after the
appeals deadline. Thus, TWC’s decision became final 14 days after the decision was
mailed. See Tex. Lab. Code Ann. § 212.053 (Vernon 1996). 
          After reviewing the evidence presented to the trial court, we agree that the trial
court did not err in granting Levinson’s motion for summary judgment because the
evidence shows that Carrington did not timely appeal TWC’s initial determination. 
Although Carrington submitted her affidavit stating that she received TWC’s letter
denying benefits about one or two days before her appeal deadline, the record reflects
that she did not file an appeal until March 14, 2003, nearly three months after her
deadline. The initial determination letter clearly stated in boldface type that if she
disagreed with the decision, she had to fax or file her appeal postmarked no later than
December 18, 2002. Carrington does not give any reason why she did not appeal
sooner, other than stating that she did not get the denial letter until one or two days
before the appeal deadline. She also avers that after she received TWC’s letter, she
immediately called TWC’s office and that a TWC employee told her that because she
responded before the expiration date, her account would remain open. Carrington’s
allegation that a TWC employee told her that her account would remain open does
not excuse her failure to comply with the emphasized requirements on TWC’s letter,
specifically, the requirement that if she disagreed with TWC’s decision she had to
appeal, in writing, by December 18, 2002. 
          Carrington next relies on the letter she received from TWC after the appellate 
deadline had passed as evidence that she filed a timely appeal. Although Carrington
maintains that the TWC letter, dated March 18, 2003, shows that her account was still
open, the letter gives instructions only on Tele-Serv Filing and is no evidence that she
filed a timely appeal. 
          Our conclusion that Carrington failed to appeal TWC’s initial decision timely
is also supported by Carrington’s March 14, 2003 letter to TWC, in which she stated,
“I am appealing the determination on payment of unemployment benefits given by the
Texas Workforce Commission. I have new evidence that supports a different
conclusion and would like for you to hear my case.” She also stated, “With the
documents that I have found I am ready to appeal the determination on payment of
unemployment benefits given by the Texas Workforce Commission.” Carrington’s
letter shows that she filed her first and only written notice of appeal to TWC on
March 14, 2003. Noticeably absent from her letter is any mention that she had
previously called TWC to make known her intention to appeal or that she had
received TWC’s letter only one or two days before the appellate deadline.
          Because Carrington failed to timely appeal TWC’s initial determination on the
merits within 14 days, the trial court lacked jurisdiction over her appeal. See Brown,
801 S.W.2d at 8 (holding that the failure “to timely appeal the initial determination
leaves both the [TWC] and the trial court without jurisdiction to hear the case”). We
conclude that the trial court had substantial evidence to support TWC’s decision to
dismiss Carrington’s appeal for lack of jurisdiction.


 
          We overrule Carrington’s first issue on appeal.
Conclusion
          We affirm the judgment of the trial court. We overrule all pending motions.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.