**Reversed and Rendered and Memorandum Opinion filed September 29, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00003-CV

### TEXAS WORKFORCE COMMISSION, RK RESOURCES, L.L.C., AND TEI STAFFING, Appellants

### V.

### ANGIE SMITH, Appellee

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 10CV1271**

## M E M O R A N D U M   O P I N I O N

Appellee Angie Smith sued appellants Texas Workforce Commission (TWC), RK Resources, L.L.C., and TEI Staffing, seeking review of TWC's denial of Smith's claim for unemployment compensation benefits. The trial court denied appellants' plea to the jurisdiction, and this interlocutory appeal ensued. We reverse and render judgment dismissing this case with prejudice for lack of jurisdiction.

### BACKGROUND

Smith filed a claim with TWC in 2009 for unemployment compensation benefits

under the Texas Unemployment Compensation Act. *See* Tex. Lab. Code Ann. §§ 201.001–217.007 (West 2006). TWC initially held that Smith qualified for benefits, but determined after an administrative appeal taken by Smith's former employers, RK Resources, L.L.C. and TEI Staffing, that Smith was disqualified. TWC mailed its denial of Smith's motion for rehearing of this decision on April 13, 2009.

Pursuant to section 212.201 of the Texas Labor Code, Smith sought review of TWC's decision by filing suit against appellants in the trial court on May 12, 2010. *See* Tex. Lab. Code Ann. § 212.201. Smith alleges that she "is not disqualified in receiving employment benefits" and requested that the trial court (1) declare TWC's decision "erroneous and a violation of Texas law," (2) find Smith entitled to an award of unemployment benefits, and (3) award Smith attorney's fees.

TWC filed a plea to the jurisdiction, arguing that the last day for Smith to file suit was May 11, 2010, and that Smith's failure to meet this deadline deprives the trial court of jurisdiction over the suit. Smith did not dispute that the deadline is a jurisdictional prerequisite, but argued that the filing deadline falls on May 12, 2010. The trial court denied the plea to the jurisdiction on November 4, 2010, and this interlocutory appeal ensued. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).

Appellants both raise a single issue on appeal, arguing that the trial court incorrectly computed the deadline to file suit under section 212.201 of the Texas Labor Code to conclude that it had subject matter jurisdiction over this case.

## ANALYSIS

Whether a court has subject matter jurisdiction according to the undisputed jurisdictional facts is a question of law we review *de novo*. *See Texas Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Generally, "[a] decision of [TWC] becomes final 14 days after the date the decision is mailed." *See* Tex. Lab. Code Ann. § 212.153. "A party aggrieved by a final decision of [TWC] may obtain judicial review of the decision by bringing an action in a

court of competent jurisdiction for review of the decision against the commission . . . ." *Id*. § 212.201(a). Such an action must be brought "on or after the date on which the decision is final, and not later than the 14th day after that date." *Id*.

The parties do not dispute that TWC mailed its decision denying Smith's motion for rehearing on April 13, 2010. The parties disagree about (1) whether this decision became final under the statute on April 27 or April 28, 2010, and (2) whether the 14th day after this date — which was the last day for Smith to file suit — therefore falls on May 11 or May 12, 2010.

We rely on general principles of time computation to resolve this dispute. *See* Tex. Gov't Code Ann. 311.014(a) (West 2005) ("In computing a period of days, the first day is excluded and the last day is included."); Tex. R. Civ. P. 4 ("In computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included . . . .").

In this case, the relevant "acts" or "events" are the dates on which (1) TWC's decision was mailed; and (2) that decision became final. Thus, "Day 1" after the time period began falls on April 14, 2010. "Day 14," or the date on which TWC's decision became final, falls on April 27, 2010. *See* Tex. Lab. Code Ann. § 212.153. We reject Smith's assertions to the contrary.[1]

"Day 1" after TWC's decision became final falls on April 28, 2010. "Day 14" after this date, or the last date on which Smith could have filed suit, therefore falls on

---

[1] Smith's reliance upon *Jackson v. Tex. Workforce Comm'n*, No. 2-04-246-CV, 2005 WL 250872 (Tex. App.—Fort Worth Feb. 3, 2005, no pet.) (mem. op.), and *National Liability & Fire Insurance Co. v. Allen*, 15 S.W.3d 525, 526 (Tex. 2000), is misplaced. Both cases endorse the application of the mailbox rule to certain Labor Code filing deadlines. However, Smith did not invoke the mailbox rule in this case. Smith also argues that TWC's decision did not become final until the 15th day after it was mailed because TWC's website states that an action to obtain judicial review of TWC's decision "must be brought between the 15th and the 28th day after the date of the Commission decision." Our computation does not contradict this statement, although the statute also permits actions on the 14th day after TWC's decision. *See* Tex. Lab. Code Ann. §§ 212.153, 212.201(a) (party may bring action on or after the day TWC's decision becomes final, which occurs on the 14th day after TWC mails its decision).

May 11, 2010. *See* Tex. Lab. Code Ann. § 212.201(a). Accordingly, Smith's May 12, 2010 petition was not timely.[2]

"The district court is generally without jurisdiction to review [TWC's] decision unless and until the plaintiff files a petition for judicial review within the statutorily prescribed fourteen days." *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835 (Tex. App.—Austin 2003, pet. denied). "If the fourteen days expire and the plaintiff has failed to file a petition for judicial review, the Commission's decision becomes final and unappealable." *Id.* "No trial court can review the Commission's decision at that point; hence, the scope of the trial court's jurisdiction is limited." *Id.*; *see also Kelley v. Tex. Workforce Comm'n*, No. 01-05-001109-CV, 2006 WL 3804444, at *2 (Tex. App.— Houston [1st Dist.] Dec. 28, 2006, pet. denied) (mem. op.) (concluding that compliance with 14-day deadline is jurisdictional prerequisite to suit). Smith's untimely petition therefore failed to confer subject matter jurisdiction upon the trial court to hear this case. *See Heart Hosp. IV*, 116 S.W.3d at 835; *see also Kelley*, 2006 WL 3804444, at *2.

We reverse the trial court's order denying appellants' plea to the jurisdiction and render judgment dismissing the case with prejudice, leaving in effect TWC's denial of

---

[2] Our computation, as shown below, is consistent with the computations in *Heart Hospital, IV* and *Kelley*. *See Heart Hosp. IV*, 116 S.W.3d at 834; *Kelley*, 2006 WL 3804444, at *1.

| 4/13 Decision Mailed | 4/14 Day 1 | 4/15 Day 2 | 4/16 Day 3 | 4/17 Day 4 | 4/18 Day 5 | 4/19 Day 6 |
|---|---|---|---|---|---|---|
| 4/20 Day 7 | 4/21 Day 8 | 4/22 Day 9 | 4/23 Day 10 | 4/24 Day 11 | 4/25 Day 12 | 4/26 Day 13 |
| 4/27 Decision Final | 4/28 Day 1 | 4/29 Day 2 | 4/30 Day 3 | 5/1 Day 4 | 5/2 Day 5 | 5/3 Day 6 |
| 5/4 Day 7 | 5/5 Day 8 | 5/6 Day 9 | 5/7 Day 10 | 5/8 Day 11 | 5/9 Day 12 | 5/10 Day 13 |
| 5/11 Day 14 Last Day to File Suit | | | | | | |

Smith's claim for unemployment compensation benefits as if no suit for judicial review had been filed in the trial court.


/s/     Sharon McCally
         Justice


Panel consists of Justices Brown, Boyce, and McCally.