# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00007-CV

**Appellants, HCA Healthcare Corporation, et al. \\ Cross-Appellants, Albert Betts, Jr. and Texas Department of Insurance, Division of Workers' Compensation**

**v.**

**Appellees, Texas Department of Insurance; Albert Betts, Jr. and Texas Department of Insurance, Division of Workers' Compensation et al.\\ Cross-Appellees, HCA Healthcare Corporation, et al.**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-06-000176, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## O P I N I O N

On January 17, 2006, HCA Healthcare Corporation, Texas Health Resources, Inc., the Texas Hospital Association, and other hospitals and hospital systems ("the Hospitals") filed suit for declaratory and injunctive relief against the Texas Department of Insurance ("the Department"), the Department's Division of Workers' Compensation ("DWC"), and Albert Betts, Jr., Commissioner of DWC. Texas Mutual Insurance Company ("Texas Mutual"), Farmers Insurance Exchange, Truck Insurance Exchange, Mid-Century Insurance Company, and the Texas Association of School Boards Risk Management Fund (collectively, "the Insurers") intervened in support of DWC regarding the Hospitals' request that the trial court reverse 1,406 decisions issued by DWC after September 1, 2005. Texas Mutual filed a declaratory judgment action against DWC regarding the right to a contested case hearing.

Texas Mutual moved for summary judgment on its claim to a right to a contested case hearing and for partial summary judgment against the Hospitals' request to reverse the 1,406 decisions issued by DWC. The Hospitals moved for summary judgment on their claim to a right to a contested case hearing and their request to reverse the decisions issued by DWC. DWC moved for summary judgment in opposition to both the Hospitals and Texas Mutual.

The trial court granted the Hospitals' and Texas Mutual's motions for summary judgment on their claims to a right to a hearing in medical disputes brought pursuant to former section 413.031 of the Texas Labor Code entitled "Medical Dispute Resolution." *See* Act of May 30, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 553-54 (later amended in 2007). The court denied the Hospitals' request to reverse the 1,406 orders issued by DWC. The Hospitals appealed the court's refusal to set aside the DWC decisions, and DWC appealed the court's declaration that former subsection 413.031(k) of the labor code was facially unconstitutional for failure to provide an opportunity for a contested case hearing.

For the reasons set forth below, we affirm in part the trial court's denial of the Hospitals' request to set aside the 1,406 decisions issued by DWC and reverse in part the trial court's order declaring that former subsection 413.031(k) is facially unconstitutional and render judgment that former subsection 413.031(k) of the labor code is facially constitutional.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the medical dispute resolution process set forth in section 413.031 of the labor code, a hospital, or other health care provider, that disagrees with the amount of payment remitted by a workers' compensation insurance carrier is entitled to a review by DWC of the

2

provided medical services to determine the amount of payment due the health care provider. DWC's role in resolving medical fee disputes, as conducted by its dispute resolution officers, is to adjudicate the payment due, in accordance with the relevant statutory provisions and DWC rules, and to issue a decision. *See* Tex. Lab. Code Ann. § 413.031 (West Supp. 2008).

In *Texas Hospital Ass'n v. Texas Workers' Compensation Commission*, 911 S.W.2d 884 (Tex. App.—Austin 1995, writ denied), this Court rendered void the Texas Workers' Compensation Commission's ("TWCC") 1992 Hospital Inpatient Fee Guideline that was promulgated to govern payment to hospitals by insurance carriers ("the 1992 Fee Guideline"). 17 Tex. Reg. 4949 (1992) *repealed by* 22 Tex. Reg. 6264 (1997). After the supreme court denied review of this Court's holding, Texas hospitals, many of which are a party to this appeal, lodged thousands of administrative appeals by filing medical dispute resolutions with TWCC seeking additional payment for claims paid pursuant to the void 1992 Fee Guideline.[1] In 1999, TWCC issued over 200 medical dispute decisions that denied any additional payment, and the Hospitals appealed those decisions to the State Office of Administrative Hearings (SOAH) for contested case hearings.

In 2005, the legislature enacted comprehensive workers' compensation reform that abolished TWCC and made other changes to the dispute-resolution process. *See* Act of May 30, 2005, 79th Leg., R.S., ch. 265, 2005 Tex. Gen. Laws 469-611. As part of that reform, the legislature transferred jurisdiction over the pending claims to DWC. Act of May 30, 2005, 79th

---

[1] The issue of whether hospitals are entitled to additional payment for services previously paid pursuant to the 1992 Fee Guideline has been the subject of ongoing litigation in several legal venues. This Court's opinion in *All Saints Health System v. Texas Workers' Compensation Commission*, 125 S.W.3d 96 (Tex. App.—Austin 2003, pet. denied) provides a detailed factual and procedural background dating back to 1987.

Leg., R.S., ch. 265, § 1.003, 2005 Tex. Gen. Laws 470. Accordingly, on September 1, 2005, jurisdiction over the claims not before SOAH was transferred to DWC. Those claims that had not yet been sent to SOAH were governed by the new version of Texas Labor Code § 413.031(k) that no longer entitled a party to a hearing.[2] Between November 2005 and January 2006, DWC issued the 1,406 decisions that are the subject of this appeal. After discovering DWC had issued those decisions, the Hospitals filed suit in district court.[3]

## DISCUSSION

**Standard of Review**

We review the trial court's grant of summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Combs v. STP Nuclear Operating Co.*, 239 S.W.3d 264, 269 (Tex. App.—Austin 2007, pet. denied). When both parties move for summary judgment

---

[2] Prior to being amended in 2005, Tex. Lab. Code § 413.031(k) read in pertinent part as follows: "Except as provided by Subsection (*l*), a party to a medical dispute that remains unresolved after a review of the medical service under this section is entitled to a hearing. The hearing shall be conducted by [SOAH] within 90 days of receipt of a request for a hearing in the manner provided for a contested case under Chapter 2001, Government Code (the administrative procedure law). . ." Act of June 17, 2001, 77th Leg. R. S., ch 1456, § 6.04, 2001 Tex. Gen. Laws 5187.

After being amended in 2005, § 413.031(k) read in pertinent part as follows: "Except as provided in Subsection (*l*), a party to a medical dispute that remains unresolved after a review of the medical service under this section may seek judicial review. . . Judicial review under this subsection shall be conducted in the manner provided for judicial review of contested cases under Subchapter G, Chapter 2001, Government Code." Act of May 30, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 554 (hereinafter, "former § 4133.031(k)").

[3] In 2007, the legislature again made changes to the dispute-resolution process. Effective September 1, 2007, § 413.031(k) reads in pertinent part as follows: "A party to a medical dispute . . . that remains unresolved after a review of the medical service under this section is entitled to a hearing. A hearing under this subsection shall be conducted by [SOAH]. . . ." Act of June 15, 2007, 80th Leg., R.S., ch. 1007, § 1, 2007 Tex. Gen. Laws 3531.

and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 605 (Tex. 2002); *STP Nuclear Operating*, 239 S.W.3d at 269.

**The Facially Constitutional Challenge**

There are two types of challenges to the constitutionality of a statute: facial and as-applied. Michael C. Dorf, *Facial Challenges to State and Federal Statutes*, 46 Stan. L. Rev. 235, 236 (1994). Facial challenges are disfavored and generally permitted only in the context of the First Amendment. *National Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998); *STP Nuclear Operating*, 239 S.W.3d at 273-74 n.8. A party seeking to invalidate a statute "on its face" bears a heavy burden of demonstrating that the statute is unconstitutional in all of its applications. *Washington State Grange v. Washington State Repub. Party*, 552 U.S. 442, __, 128 S. Ct. 1184, 1190 (2008) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *STP Nuclear Operating*, 239 S.W.3d at 273-74 n. 8; *see Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995). "To sustain a facial challenge, the challenging party must establish that the statute, by its terms, always operates unconstitutionally." *Barshop v. Medina Underground Water & Conservation Dist.*, 618 S.W.2d 618, 627 (Tex. 1996). In contrast, a party making an as-applied challenge must only show that the statute, though generally constitutional, is unconstitutional because of the way in which it was applied to that party in a particular case. *See Garcia*, 893 S.W.2d at 518 n.16; *STP Nuclear Operating*, 239 S.W.3d at 273-74 n.8. When a court invalidates a statute on its face, the statute may not be enforced under any circumstances; but when a court finds a statute

unconstitutional as applied to a particular set of facts, the statute may be constitutionally enforced to different facts. *See STP Nuclear Operating*, 239 S.W.3d at 273-74 n.8; Dorf, *Facial Challenges to State and Federal Statutes*, 46 Stan. L. Rev. at 236.

DWC argues the trial court erred in declaring that former subsection 413.031(k) is facially unconstitutional on the basis that "it fails to afford parties to a medical dispute . . . an opportunity for a hearing in which witnesses are sworn and the parties can rebut adverse evidence and cross-examine adverse witnesses before a final order is issued." For that former subsection to be facially unconstitutional, DWC asserts there can be no situations in which live testimony or cross-examination would not be a constitutional command. However, DWC contends there are situations in which a paper-review process without a hearing is sufficient. For example, in many medical disputes, a summary-judgment-like process is appropriate when no issues of material facts exist. DWC notes that, indeed, the Insurers conceded the statute has valid applications when they stated in their brief to this Court that "probably most medical disputes under § 413.031 will be resolved without need for a contested case hearing." DWC thus argues that, because the former subsection has some valid applications, the trial court erred in declaring it facially unconstitutional.

Medical dispute resolution (MDR) is defined in section 133.305 of DWC rules as follows:

> A process for resolution of one or more of the following disputes:
>
> > (A) a medical fee dispute; or
> > (B) a medical necessity dispute, which may be:
> > > (I) a preauthorization or concurrent medical necessity dispute; or

6

> > (ii)   a   retrospective   medical
> > necessity dispute.

28 Tex. Admin. Code § 133.305(a)(3) (Dispute of Medical Bills, MDR– General), 31 Tex. Reg.

10314, effective December 31, 2006, *amended by* 33 Tex. Reg. 3954, effective May 25, 2008.

> A medical fee dispute is defined in section 133.305, in pertinent part, as follows:

> > A dispute that involves an amount of payment for non-network health care rendered to an injured employee (employee) that has been determined to be medically necessary and appropriate for treatment of that employee's compensable injury.  The dispute is resolved by [DWC] pursuant to [DWC] rules, including § 133.307 of this subchapter (relating to MDR of Fee Disputes).  The following types of disputes can be a medical fee dispute:
> > > (A)   a health care provider (provider) . . . dispute of an insurance carrier (carrier) reduction or denial of a medical bill . . . .

*Id.* § 133.305(a)(4).

> Preauthorization or concurrent medical necessity disputes are defined in

section 133.305 as follows:

> > A dispute that involves a review of adverse determination of network or non-network health care requiring preauthorization or concurrent review.   The dispute is reviewed by an independent review organization (IRO) pursuant to the Insurance Code, the Labor Code and related rules, including § 133.308 of this subchapter (relating to MDR by Independent Review Organizations).

*Id.* § 133.305(a)(7).

> Retrospective medical necessity disputes are defined in section 133.305 as follows:

> A dispute that involves a review of the medical necessity of health care already provided. The dispute is reviewed by an IRO pursuant to the Insurance Code, Labor Code and related rules, including § 133.308 of this subchapter.

*Id.* § 133.305(a)(10).

As set forth in their definitions, medical necessity disputes are reviewed by independent review organizations (IROs). In performing a review of medical necessity, an IRO may request that DWC require an examination by a designated doctor and direct the employee to attend the examination. 28 Tex. Admin. Code § 133.308(l) (MDR by Independent Review Organizations), 31 Tex.Reg. 10314, effective December 31, 2006, *amended by* 33 Tex.Reg. 3954, effective May 25, 2008. The designated doctor examines the employee and files a report with the IRO. *Id.* The IRO renders a decision and sends it to the parties. *Id.* § 133.308(m), (n).

The case before this Court clearly concerns medical fee disputes. *See* 28 Tex. Admin. Code § 133.305(a)(4)(A). Former section 413.03(k) reads in pertinent part as follows: "Except as provided in Subsection (*l*), a party to a *medical dispute* that remains unresolved after a review of the medical service under this section may seek judicial review. . . ." (Emphasis added.) A medical fee dispute is a type of medical dispute to which former section 413.031(k) pertains. *See id.* § 133.305(a)(3). However, medical necessity disputes, that is, retrospective, preauthorization, and concurrent medical necessity disputes, are also medical disputes to which former section 413.031(k) pertains. *Id.*

The Hospitals, seeking to invalidate former section 413.031(k) "on its face," bear the burden of showing that the section is unconstitutional in all of its applications. *See Washington State*

*Grange*, 552 U.S. 442, __, 128 S. Ct. at 1190. The Hospitals have asserted that former section 413.031(k) operates unconstitutionally in medical fee disputes. However, the Hospitals have not argued, much less demonstrated, that former section 413.031(k) operates unconstitutionally in medical necessity disputes, disputes to which this section also pertains. For example, the Hospitals have failed to show how oral presentation of evidence and cross-examination are absolutely essential in the situation where an IRO determines, based on an employee's medical records and a designated doctor's report, that the health care provided an individual employee who has been personally examined by a designated doctor is medically necessary. Such a demonstration is important in light of the Supreme Court's determination that routine, standard, and unbiased written medical reports by physician specialists concerning individuals whom they have personally examined are reliable and probative, such that the "specter of questionable credibility and veracity is not present." *Mathews v. Eldridge*, 424 US 319, 344 (1976) (citing and quoting *Richardson v. Perales*, 402 US 389, 404-05, 407 (1971)). Because the Hospitals have neglected to demonstrate that former section 413.031(k) operates unconstitutionally in medical necessity disputes, we find that the Hospitals have failed to meet their burden of showing that former section 413.031(k) is unconstitutional in all of its applications.

Finding that the Hospitals have failed to meet their burden of showing that former section 413.031(k) is unconstitutional in all of its applications, we reverse the trial court's declaration that former subsection 413.031(k) is facially unconstitutional and render judgment that the former statute is facially constitutional.

9

**Review of the 1,406 DWC Decisions**

In their second issue, the Hospitals assert that the trial court erred in refusing to set aside the 1,406 decisions issued by DWC between November 1, 2005 and mid-January 2006. They contend they were not required to follow the procedures of a facially unconstitutional statute and did not have to file substantial evidence review appeals of those decisions because the administrative decisions issued pursuant to that unconstitutional statute are void. The Hospitals also argue DWC issued those decisions without giving the Hospitals proper notice. The Hospitals claim that, because they properly challenged the entire statute as void, including its requirement to appeal issued decisions to the district court within 30 days, the trial court had jurisdiction to set aside and remand the decisions to DWC.

However, DWC and the Insurers correctly point out that the trial court properly determined that it lacked jurisdiction to set aside the 1,406 decisions. According to former subsection 413.031(k), judicial review under that subsection is to be conducted in the manner provided for judicial review of contested cases under the Administrative Procedure Act ("the APA"), that is, chapter 2001, subchapter G, of the government code. Act of May 30, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 554. Pursuant to the APA, a party initiates judicial review by filing a petition not later than the 30th day after the date on which the decision is final and appealable. Tex. Gov't Code Ann. § 2001.176(a) (West 2008).

It is undisputed that the Hospitals have not filed suit for judicial review of any of the 1,406 DWC decisions. The 1,406 decisions were final and appealable when issued by DWC because

a motion for rehearing is not required.[4]  In some cases, the Hospitals failed to appeal the issued decisions because, due to incorrect addresses, they did not receive notice.  The notice problem was ultimately cured, however, when those decisions were delivered to the Hospitals' counsel.  A notice problem only creates a different starting date for the time to seek judicial review; it does not eliminate the requirement.  *See Meador-Brady Mgmt. Corp. v. Texas Motor Vehicle Comm'n*, 866 S.W.2d 593, 596 (Tex. 1994); *Commercial Life Ins. Co. v. State Bd. of Ins.*, 774 S.W.2d 650, 651-52 (Tex. 1989).

The Hospitals also contend the 1,406 decisions are void because DWC issued them pursuant to an unconstitutional statute; therefore, the Hospitals are excused from having to petition for judicial review to set aside those decisions.  We disagree.  Alleging a constitutional violation or defect does not excuse a party from complying with applicable law, whether that law requires further administrative procedures or the filing of substantial evidence review appeals to preserve error.  *See MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 632 (Tex. App.—Austin 2005, pet. denied)    (allegation of constitutional misdeeds is insufficient to avoid the administrative process).

The APA requirement set forth in section 2001.176(a) of the government code that suit for judicial review must be filed within 30 days of the DWC decision becoming final and appealable is jurisdictional.  *See Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835

---

[4] DWC is not a "state agency" for APA purposes. Tex. Gov't Code Ann. § 2001.003(7)(D) (West 2008).  Only certain APA provisions apply to DWC proceedings, and those provisions do not include government code § 2001.144, which contains the motion for rehearing requirement. Tex. Lab. Code Ann. § 401.021(1) (West 2006).

11

(Tex. App.—Austin 2003, pet. denied). Because the Hospitals failed to file their petitions for judicial review of the 1,406 DWC decisions within the required 30-day time frame, the district court was without jurisdiction to consider them. Finding that the trial court lacked jurisdiction to set aside the 1,406 DWC decisions that were not directly before it in this declaratory-judgment action, we overrule the Hospitals' second issue and affirm that part of the trial court's order denying the Hospitals' request to set aside those DWC decisions.

## CONCLUSION

We affirm in part the district court's order denying the Hospitals' request to set aside the 1,406 decisions issued by DWC between November 1, 2005 and mid-January 2006 and reverse in part the trial court's order declaring that former subsection 413.031(k) is facially unconstitutional, rendering judgment that former subsection 413.031(k) is facially constitutional.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed in part; Reversed and Rendered in part

Filed:   December 18, 2009

12