# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00059-CV

Pacific Employers Insurance Company, Appellant

v.

Twelve Oaks Medical Center, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-06-000550, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

Limitations is an affirmative defense that is properly raised in a motion for summary judgment, not a plea to the jurisdiction. *In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.) (citing cases). Thus, limitations does not support the majority's dismissal of the instant appeal for want of jurisdiction. *See id.* For this reason, I respectfully dissent.[1]

This appeal involves a suit for judicial review of a decision issued January 17, 2006, by the Texas Department of Insurance, Division of Workers' Compensation, in a medical dispute resolution proceeding. *See generally* Tex. Lab. Code Ann. § 413.031(k) (West 2008). Accordingly, we look to the Division's enabling act to determine the proper procedures for obtaining judicial review. *See Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 811 (Tex.

---

[1] I agree with the majority's conclusion that Twelve Oaks failed to exercise due diligence in serving Pacific Employers.

2002) (citing *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex. 1986), *overruled in part on other grounds*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). As it existed in 2006, section 413.031(k) of the labor code allowed medical providers, like appellee Twelve Oaks Medical Center, to seek judicial review of the Division's decision "in the manner provided for judicial review of contested cases under Subchapter G, Chapter 2001, Government Code." *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 469, 554. Importantly, however, when it rewrote section 413.031(k) in 2005, the Legislature expressly provided that "[t]he division and the department are not considered to be parties to the medical dispute for purposes of this section." *Id.* Thus, while a suit for judicial review under section 413.031(k) shall be conducted in the manner provided under the Administrative Procedure Act—which includes subchapter G, chapter 2001, of the government code[2]—such a suit is not a suit against a governmental entity.

Section 2001.176 of the APA requires a party to file its petition for judicial review in a Travis County district court "not later than the 30th day after the date on which the decision that is the subject of the complaint is final and appealable." *Id.* § 2001.176(a) (West 2008). This section also requires an appealing party to serve a copy of the petition for judicial review on the state agency and each party of record in the administrative proceedings before the agency. *Id.* § 2001.176(b)(2). But the APA does not specify a time limit for serving copies of the petition for judicial review. *See id.* § 2001.176.

---

[2] Chapter 2001 of the government code, including subchapter G, is the Administrative Procedure Act. *See* Tex. Gov't Code Ann. § 2001.002 (West 2008). Subchapter G includes government code sections 2001.171 through .178. *Id.* §§ 2001.171-.178 (West 2008 & Supp. 2009).

2

Appellant Pacific Employers Insurance Company argues on appeal, as it did in the district court below, that Twelve Oaks' suit for judicial review is barred by limitations because, even though Twelve Oaks timely filed its petition for judicial review in a Travis County district court, Twelve Oaks did not serve Pacific Employers with a copy of its petition until almost thirteen months after filing it in court and, therefore, failed to exercise due diligence in procuring service as a matter of law. *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation."); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (same). Twelve Oaks concedes that it did not serve Pacific Employers with citation or a copy of its petition for judicial review until almost thirteen months after it sought judicial review of the Division's decision in district court but counters that the APA does not require service within a particular time period and, in any event, Pacific Employers was not prejudiced by the delay in service.

The record shows that Pacific Employers raised the affirmative defense of limitations and lack of due diligence in both a plea to the jurisdiction and in a motion for summary judgment. The record does not include a ruling by the district court on Pacific Employers' plea to the jurisdiction, but it does include an order denying Pacific Employers' motion for summary judgment and a separate order granting Twelve Oaks' motion for remand.

Relying on *Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006), the majority reasons that the district court implicitly rejected Pacific Employers' jurisdictional challenge when it denied Pacific Employers' motion for summary judgment, thereby "rul[ing] on the merits of an issue without explicitly rejecting an asserted jurisdictional attack." *See* slip op., *supra*, at 2. The

3

majority thus concludes that the issue before us is whether the district court erred in denying Pacific Employers' plea to the jurisdiction. *See id.* Because limitations is an affirmative defense, not a jurisdictional defect, the majority's reliance on *Thomas v. Long* is misplaced and its conclusion as to the proper issue before us is therefore erroneous.

The issue properly before us is whether the district court erred in granting Twelve Oaks' motion to remand and, because it is subsumed within that final order, whether the district court erred in denying Pacific Employers' motion for summary judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001) (with few exceptions, appeal may be taken only from a final judgment). In considering whether it was error to grant the motion to remand, we may therefore consider Pacific Employers' argument that Twelve Oaks' suit for judicial review is barred by limitations. Because limitations is an affirmative defense, not a jurisdictional defect, *see In re D.K.M.*, 242 S.W.3d at 865, our consideration does not rise to the level of a jurisdictional inquiry.

That our review does not rise to the level of a jurisdictional inquiry is supported by *In re United States Automobile Association*, No. 07-0871, 2010 Tex. LEXIS 282 (Tex. Mar. 26, 2010). In that case, the supreme court considered whether the two-year period for filing suit under the Texas Commission on Human Rights Act was jurisdictional. *Id.* at *10-24. Based on its earlier holding in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000), the supreme court overruled its holding in *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 487 n.10 (Tex. 1991), and concluded that the two-year period for filing suit under the TCHRA, while mandatory, was not jurisdictional. *See* 2010 Tex. LEXIS 282, at *24. The supreme court explained:

4

> While the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities, see Tex. Gov't Code Ann. § 311.034 [(West 2008)] (providing that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity"), it has not done so here.

*Id.* at *19.

Although this Court has previously held that statutory filing deadlines—like the 30-day time limit in section 2001.176(b) of the APA—are jurisdictional, *see Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 835 (Tex. App.—Austin 2003, pet. denied) (holding 14-day filing deadline in labor code section 212.201(a) is jurisdictional), it has done so only in the context of suits for judicial review against a governmental entity. *See id.*[3] As this Court explained in *Heart Hospital IV*, filing deadlines in administrative appeals limit the classes of cases that a district court may consider; therefore, such deadlines constitute a different type of statutory prerequisite that remained jurisdictional in spite of the supreme court's holding in *Dubai*. *See id.* at 834-35; *see also* Tex. Gov't Code Ann. § 311.034 (West 2008) ("Statutory prerequisites . . . are jurisdictional requirements in all suits against a governmental entity.").

In this case, however, the Legislature has expressly provided that the division and the department are not considered to be parties to the medical dispute at issue. *See* Act of May 29, 2005, *supra*, 2005 Tex. Gen. Laws at 554. Because the division and the department are not parties to the dispute, a suit for judicial review under labor code section 413.031(k) is not a suit against a governmental entity, and traditional concerns regarding sovereign immunity and the waiver thereof

---

[3] The Texas Workforce Commission was a defendant/appellant in *Heart Hospital IV, L.P. v. King*, 116 S.W.3d 831 (Tex. App.—Austin 2003, pet. denied).

are not implicated in a suit under section 413.031(k). *See id.*; Tex. Gov't Code Ann. § 311.034. In these circumstances then, I would hold that compliance with the 30-day filing deadline in APA section 2001.176, while mandatory, is not jurisdictional.[4] *See In re United States Auto. Ass'n*, 2010 Tex. LEXIS, at *23-24 (construing filing deadline under TCHRA as mandatory, not jurisdictional).[5]

Because the 30-day filing deadline is mandatory, not jurisdictional, I would then consider whether the district court erred in denying Pacific Employers' motion for summary judgment on the ground of limitations.[6] Pacific Employers argues that Twelve Oaks' suit is barred

---

[4] To the extent the majority contends that such a holding conflicts with this Court's decision in *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345 (Tex. App.—Austin 2009, no pet.), *see* slip op., *supra*, at 1 n.1, that case is distinguishable. Although this Court in *HCA Healthcare* determined that judicial review under section 413.031(k) was to be conducted in the manner provided for judicial review of contested cases under the Administrative Procedure Act, *see* 303 S.W.3d at 351-52, it did not consider whether the division or department were appropriate parties in a suit for judicial review under section 413.031(k), nor did the Court consider whether a suit for judicial review under section 413.031(k) was a suit against a governmental entity. *See id.* Moreover, the opinion in *HCA Healthcare* reflects that HCA Healthcare, along with other hospitals and hospital systems, sued the department and the division for declaratory and injunctive relief arguing that section 413.031(k) was unconstitutional. *See id.* at 347. They did not seek judicial review of any decision by the division under section 413.031(k). *See id.* at 351 ("It is undisputed that the Hospitals have not filed suit for judicial review of any of the 1,406 [division] decisions."). Thus, unlike the circumstances presented here, the suit in *HCA Healthcare was* a suit against a governmental entity.

[5] This is not to say that the filing deadline in section 2001.176 is *never* jurisdictional. As the supreme court confirmed in *In re United States Automobile Association*, the Legislature has made filing deadlines jurisdictional in cases involving statutory requirements relating to governmental entities. *See* 2010 Tex. LEXIS 282, at *19 (citing Tex. Gov't Code Ann. § 311.034 (West 2008)).

[6] Although I agree with Twelve Oaks that Pacific Employers failed to plead the affirmative defense of limitations in its first amended answer and plea to the jurisdiction, I also agree with Pacific Employers that the issue was tried by consent when Twelve Oaks did not object to this pleading defect in its response to Pacific Employers' motion for summary judgment. *See* Tex. R Civ. P. 67, 90; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494-95 (Tex. 1991) (unpleaded affirmative defense may serve as basis for summary judgment when raised in proper motion and nonmovant fails to object to pleading defect before rendition of judgment).

by limitations because Twelve Oaks failed to exercise due diligence in procuring service as required under section 2001.176. The supreme court has held that section 2001.176(b) requires only the service of a copy of the petition for judicial review, not service of citation. *See Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 814 (Tex. 2002); *but cf.* Tex. R. Civ. P. 99 (requiring service of citation upon filing of petition).[7] In a civil suit, service of items other than citation are governed by rules of civil procedure 21 and 21a, which "provide less formal service requirements." *Id.* at 813 (citing Tex. R. Civ. P. 21, 21a). Unlike service of citation, the service required by the Legislature in section 2001.176 is much easier to accomplish. As set forth in rule 21a, service may be accomplished by delivering a copy of the document to the party to be served, or his duly authorized agent or attorney of record, either in person, by certified or registered mail to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number. *See* Tex. R. Civ. P. 21a.

Notwithstanding its failure to take advantage of these easier methods of service, Twelve Oaks asks this Court to hold that, in the absence of an express statutory requirement in the APA to serve a copy of its petition for judicial review within a specified time period, Twelve Oaks's suit for judicial review may proceed regardless of when it accomplished service on Pacific Employers. Such a construction would be contrary to well-established law emphasizing the importance of finality and timely notification of a defendant when sued. *See Montgomery*

---

[7] Regardless of whether Twelve Oaks was required to serve Pacific Employers by citation, *see* Tex. R. Civ. P. 99, or merely to serve Pacific Employers with a copy of the petition, *see Sierra Club*, 70 S.W.3d at 814, Twelve Oaks did neither until almost thirteen months after filing its petition. On these facts, it is unnecessary to resolve any perceived conflict between the rules of civil procedure and the supreme court's holding in *Sierra Club*.

*v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984) ("According finality to judgments is of fundamental importance."); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex. 1982) ("Time limits . . . accomplish an important purpose by fixing the date a judgment becomes final."). Moreover, Twelve Oaks conceded before the trial court that there was no excuse for its failure to timely serve Pacific Employers, arguing instead that Pacific Employers' motion for summary judgment should be denied because the agency decision Twelve Oaks appealed from was issued in violation of Twelve Oaks' constitutional rights and Pacific Employers was not prejudiced by any delay. Twelve Oaks cites no authority for these contentions and offered no evidence below to demonstrate that it made any attempt to serve a copy of its petition for judicial review on Pacific Employers before March 8, 2007—almost thirteen months after filing its petition in district court.

On this record, I agree with the majority that Twelve Oaks failed to exercise due diligence in serving Pacific Employers as a matter of law. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (collecting cases). Given Twelve Oaks' failure to exercise due diligence, I would conclude that Twelve Oaks' suit for judicial review was barred by limitations.[8] *See id.* Because limitations is an affirmative defense, not a jurisdictional defect, and compliance with the 30-day filing deadline in this cause is mandatory, not jurisdictional, I would reverse the district court's order granting Twelve Oaks' motion to remand and render judgment in favor of Pacific Employers.

---

[8] To the extent Twelve Oaks argues that the only limitations period in this cause is found in 28 Tex. Admin. Code § 133.307 (West 2009), I would reject that argument. Section 133.307 of the division's rules sets forth the time in which a party may file a medical fee dispute with the division itself. *See id.* By its plain language, this rule does not govern the filing of an appeal in the district court. *Id.*

Because the majority applies the wrong legal analysis and errs in its disposition of this cause, I respectfully dissent.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   April 16, 2010