TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00059-CV






Pacific Employers Insurance Company, Appellant


v.


Twelve Oaks Medical Center, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. D-1-GN-06-000550, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING




C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N



 Limitations is an affirmative defense that is properly raised in a motion for summary
judgment, not a plea to the jurisdiction. In re D.K.M., 242 S.W.3d 863, 865 (Tex. App.--Austin
2007, no pet.) (citing cases). Thus, limitations does not support the majority's dismissal of the
instant appeal for want of jurisdiction. See id. For this reason, I respectfully dissent. (1)

 This appeal involves a suit for judicial review of a decision issued January 17, 2006,
by the Texas Department of Insurance, Division of Workers' Compensation, in a medical dispute
resolution proceeding. See generally Tex. Lab. Code Ann. § 413.031(k) (West 2008). Accordingly,
we look to the Division's enabling act to determine the proper procedures for obtaining judicial
review. See Texas Natural Res. Conservation Comm'n v. Sierra Club, 70 S.W.3d 809, 811 (Tex.
2002) (citing Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 891 (Tex. 1986), overruled in
part on other grounds, Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000)). As it existed
in 2006, section 413.031(k) of the labor code allowed medical providers, like appellee Twelve Oaks
Medical Center, to seek judicial review of the Division's decision "in the manner provided for
judicial review of contested cases under Subchapter G, Chapter 2001, Government Code." See Act
of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 469, 554. Importantly,
however, when it rewrote section 413.031(k) in 2005, the Legislature expressly provided that "[t]he
division and the department are not considered to be parties to the medical dispute for purposes of
this section." Id. Thus, while a suit for judicial review under section 413.031(k) shall be conducted
in the manner provided under the Administrative Procedure Act--which includes subchapter G,
chapter 2001, of the government code (2)--such a suit is not a suit against a governmental entity. 

 Section 2001.176 of the APA requires a party to file its petition for judicial review
in a Travis County district court "not later than the 30th day after the date on which the decision that
is the subject of the complaint is final and appealable." Id. § 2001.176(a) (West 2008). This section
also requires an appealing party to serve a copy of the petition for judicial review on the state agency
and each party of record in the administrative proceedings before the agency. Id. § 2001.176(b)(2). 
But the APA does not specify a time limit for serving copies of the petition for judicial review. See
id. § 2001.176.

 Appellant Pacific Employers Insurance Company argues on appeal, as it did in the
district court below, that Twelve Oaks' suit for judicial review is barred by limitations because, even
though Twelve Oaks timely filed its petition for judicial review in a Travis County district court,
Twelve Oaks did not serve Pacific Employers with a copy of its petition until almost thirteen months
after filing it in court and, therefore, failed to exercise due diligence in procuring service as a matter
of law. See Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007) ("[A] timely filed suit will not
interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and
service of citation."); Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990) (same). 

Twelve Oaks concedes that it did not serve Pacific Employers with citation or a copy of its petition
for judicial review until almost thirteen months after it sought judicial review of the Division's
decision in district court but counters that the APA does not require service within a particular time
period and, in any event, Pacific Employers was not prejudiced by the delay in service.

 The record shows that Pacific Employers raised the affirmative defense of limitations
and lack of due diligence in both a plea to the jurisdiction and in a motion for summary judgment.
The record does not include a ruling by the district court on Pacific Employers' plea to the
jurisdiction, but it does include an order denying Pacific Employers' motion for summary judgment
and a separate order granting Twelve Oaks' motion for remand.

 Relying on Thomas v. Long, 207 S.W.3d 334, 339-40 (Tex. 2006), the majority
reasons that the district court implicitly rejected Pacific Employers' jurisdictional challenge when
it denied Pacific Employers' motion for summary judgment, thereby "rul[ing] on the merits of an
issue without explicitly rejecting an asserted jurisdictional attack." See slip op., supra, at 2. The
majority thus concludes that the issue before us is whether the district court erred in denying Pacific
Employers' plea to the jurisdiction. See id. Because limitations is an affirmative defense, not a
jurisdictional defect, the majority's reliance on Thomas v. Long is misplaced and its conclusion as
to the proper issue before us is therefore erroneous.

 The issue properly before us is whether the district court erred in granting Twelve
Oaks' motion to remand and, because it is subsumed within that final order, whether the district
court erred in denying Pacific Employers' motion for summary judgment. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 & n.12 (Tex. 2001) (with few exceptions, appeal may be taken only from
a final judgment). In considering whether it was error to grant the motion to remand, we may
therefore consider Pacific Employers' argument that Twelve Oaks' suit for judicial review is barred
by limitations. Because limitations is an affirmative defense, not a jurisdictional defect, see In re
D.K.M., 242 S.W.3d at 865, our consideration does not rise to the level of a jurisdictional inquiry. That our review does not rise to the level of a jurisdictional inquiry is supported
by In re United States Automobile Association, No. 07-0871, 2010 Tex. LEXIS 282 (Tex.
Mar. 26, 2010). In that case, the supreme court considered whether the two-year period for filing
suit under the Texas Commission on Human Rights Act was jurisdictional. Id. at *10-24. Based
on its earlier holding in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000), the supreme
court overruled its holding in Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 487 n.10 (Tex.
1991), and concluded that the two-year period for filing suit under the TCHRA, while mandatory,
was not jurisdictional. See 2010 Tex. LEXIS 282, at *24. The supreme court explained:


 While the Legislature could make the Labor Code filing deadlines jurisdictional, as
it has in cases involving statutory requirements relating to governmental entities, see
Tex. Gov't Code Ann. § 311.034 [(West 2008)] (providing that "statutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity"), it has not done so here.


Id. at *19. 

 Although this Court has previously held that statutory filing deadlines--like the
30-day time limit in section 2001.176(b) of the APA--are jurisdictional, see Heart Hosp. IV, L.P.
v. King, 116 S.W.3d 831, 835 (Tex. App.--Austin 2003, pet. denied) (holding 14-day filing deadline
in labor code section 212.201(a) is jurisdictional), it has done so only in the context of suits for
judicial review against a governmental entity. See id. (3) As this Court explained in Heart Hospital IV,
filing deadlines in administrative appeals limit the classes of cases that a district court may consider;
therefore, such deadlines constitute a different type of statutory prerequisite that remained
jurisdictional in spite of the supreme court's holding in Dubai. See id. at 834-35; see also Tex.
Gov't Code Ann. § 311.034 (West 2008) ("Statutory prerequisites . . . are jurisdictional requirements
in all suits against a governmental entity.").

 In this case, however, the Legislature has expressly provided that the division and the
department are not considered to be parties to the medical dispute at issue. See Act of May 29, 2005,
supra, 2005 Tex. Gen. Laws at 554. Because the division and the department are not parties to the
dispute, a suit for judicial review under labor code section 413.031(k) is not a suit against a
governmental entity, and traditional concerns regarding sovereign immunity and the waiver thereof
are not implicated in a suit under section 413.031(k). See id.; Tex. Gov't Code Ann. § 311.034. In
these circumstances then, I would hold that compliance with the 30-day filing deadline in APA
section 2001.176, while mandatory, is not jurisdictional. (4) See In re United States Auto. Ass'n, 2010
Tex. LEXIS, at *23-24 (construing filing deadline under TCHRA as mandatory, not jurisdictional). (5)

 Because the 30-day filing deadline is mandatory, not jurisdictional, I would then
consider whether the district court erred in denying Pacific Employers' motion for summary
judgment on the ground of limitations. (6) Pacific Employers argues that Twelve Oaks' suit is barred
by limitations because Twelve Oaks failed to exercise due diligence in procuring service as required
under section 2001.176. The supreme court has held that section 2001.176(b) requires only the
service of a copy of the petition for judicial review, not service of citation. See Texas Natural Res.
Conservation Comm'n v. Sierra Club, 70 S.W.3d 809, 814 (Tex. 2002); but cf. Tex. R. Civ. P. 99
(requiring service of citation upon filing of petition). (7) In a civil suit, service of items other than
citation are governed by rules of civil procedure 21 and 21a, which "provide less formal service
requirements." Id. at 813 (citing Tex. R. Civ. P. 21, 21a). Unlike service of citation, the service
required by the Legislature in section 2001.176 is much easier to accomplish. As set forth in
rule 21a, service may be accomplished by delivering a copy of the document to the party to be
served, or his duly authorized agent or attorney of record, either in person, by certified or registered
mail to the party's last known address, or by telephonic document transfer to the recipient's current
telecopier number. See Tex. R. Civ. P. 21a.

 Notwithstanding its failure to take advantage of these easier methods of service,
Twelve Oaks asks this Court to hold that, in the absence of an express statutory requirement in the
APA to serve a copy of its petition for judicial review within a specified time period, Twelve Oaks's
suit for judicial review may proceed regardless of when it accomplished service on Pacific
Employers. Such a construction would be contrary to well-established law emphasizing the
importance of finality and timely notification of a defendant when sued. See Montgomery
v. Kennedy, 669 S.W.2d 309, 312 (Tex. 1984) ("According finality to judgments is of fundamental
importance."); B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982) ("Time
limits . . . accomplish an important purpose by fixing the date a judgment becomes final."). 
Moreover, Twelve Oaks conceded before the trial court that there was no excuse for its failure to
timely serve Pacific Employers, arguing instead that Pacific Employers' motion for summary
judgment should be denied because the agency decision Twelve Oaks appealed from was issued in
violation of Twelve Oaks' constitutional rights and Pacific Employers was not prejudiced by any
delay. Twelve Oaks cites no authority for these contentions and offered no evidence below to
demonstrate that it made any attempt to serve a copy of its petition for judicial review on Pacific
Employers before March 8, 2007--almost thirteen months after filing its petition in district court.

 On this record, I agree with the majority that Twelve Oaks failed to exercise due
diligence in serving Pacific Employers as a matter of law. See Gant v. DeLeon, 786 S.W.2d 259,
260 (Tex. 1990) (collecting cases). Given Twelve Oaks' failure to exercise due diligence, I would
conclude that Twelve Oaks' suit for judicial review was barred by limitations. (8) See id. Because
limitations is an affirmative defense, not a jurisdictional defect, and compliance with the 30-day
filing deadline in this cause is mandatory, not jurisdictional, I would reverse the district court's order
granting Twelve Oaks' motion to remand and render judgment in favor of Pacific Employers.

 Because the majority applies the wrong legal analysis and errs in its disposition of this
cause, I respectfully dissent.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: April 16, 2010
1. I agree with the majority's conclusion that Twelve Oaks failed to exercise due diligence
in serving Pacific Employers.
2. Chapter 2001 of the government code, including subchapter G, is the Administrative
Procedure Act. See Tex. Gov't Code Ann. § 2001.002 (West 2008). Subchapter G includes
government code sections 2001.171 through .178. Id. §§ 2001.171-.178 (West 2008 & Supp. 2009).
3. The Texas Workforce Commission was a defendant/appellant in Heart Hospital IV, L.P. 
v. King, 116 S.W.3d 831 (Tex. App.--Austin 2003, pet. denied).
4. To the extent the majority contends that such a holding conflicts with this Court's decision
in HCA Healthcare Corp. v. Texas Dep't of Ins., 303 S.W.3d 345 (Tex. App.--Austin 2009, no pet.),
see slip op., supra, at 1 n.1, that case is distinguishable. Although this Court in HCA Healthcare
determined that judicial review under section 413.031(k) was to be conducted in the manner
provided for judicial review of contested cases under the Administrative Procedure Act, see
303 S.W.3d at 351-52, it did not consider whether the division or department were appropriate
parties in a suit for judicial review under section 413.031(k), nor did the Court consider whether a
suit for judicial review under section 413.031(k) was a suit against a governmental entity. See id. 
Moreover, the opinion in HCA Healthcare reflects that HCA Healthcare, along with other hospitals
and hospital systems, sued the department and the division for declaratory and injunctive relief
arguing that section 413.031(k) was unconstitutional. See id. at 347. They did not seek judicial
review of any decision by the division under section 413.031(k). See id. at 351 ("It is undisputed
that the Hospitals have not filed suit for judicial review of any of the 1,406 [division] decisions."). 
Thus, unlike the circumstances presented here, the suit in HCA Healthcare was a suit against a
governmental entity.
5. This is not to say that the filing deadline in section 2001.176 is never jurisdictional. As the
supreme court confirmed in In re United States Automobile Association, the Legislature has made
filing deadlines jurisdictional in cases involving statutory requirements relating to governmental
entities. See 2010 Tex. LEXIS 282, at *19 (citing Tex. Gov't Code Ann. § 311.034 (West 2008)).
6. Although I agree with Twelve Oaks that Pacific Employers failed to plead the affirmative
defense of limitations in its first amended answer and plea to the jurisdiction, I also agree with
Pacific Employers that the issue was tried by consent when Twelve Oaks did not object to this
pleading defect in its response to Pacific Employers' motion for summary judgment. See Tex. R
Civ. P. 67, 90; Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494-95 (Tex. 1991) (unpleaded
affirmative defense may serve as basis for summary judgment when raised in proper motion and
nonmovant fails to object to pleading defect before rendition of judgment).
7. Regardless of whether Twelve Oaks was required to serve Pacific Employers by citation,
see Tex. R. Civ. P. 99, or merely to serve Pacific Employers with a copy of the petition, see Sierra
Club, 70 S.W.3d at 814, Twelve Oaks did neither until almost thirteen months after filing its petition. 
On these facts, it is unnecessary to resolve any perceived conflict between the rules of civil
procedure and the supreme court's holding in Sierra Club.
8. To the extent Twelve Oaks argues that the only limitations period in this cause is found in
28 Tex. Admin. Code § 133.307 (West 2009), I would reject that argument. Section 133.307 of the
division's rules sets forth the time in which a party may file a medical fee dispute with the division
itself. See id. By its plain language, this rule does not govern the filing of an appeal in the district
court. Id.