# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00096-CV

**The Allee Corporation d/b/a Rusty Wallis Honda, Appellant**

**v.**

**Texas Department of Motor Vehicles; Motor Vehicle Division, Rockwall Imports, L.P. d/b/a Honda Cars of Rockwall; and American Honda Motor Co., Inc., Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-12-001099, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The Allee Corporation d/b/a Rusty Wallis Honda (Wallis) sought judicial review in the district court of an administrative order from the Texas Department of Motor Vehicles, Motor Vehicle Division (Division). The Division's order approved the establishment of a new Honda dealership by appellee Rockwall Imports, L.P. d/b/a Honda Cars of Rockwall (Honda Cars) and dismissed Wallis's protest of Honda Cars' application. Honda Cars, the Division, and the other appellee, American Honda Motor Co., Inc. (American Honda), filed pleas to the jurisdiction. In their pleas to the jurisdiction, the appellees contended that the district court lacked jurisdiction to hear Wallis's appeal because (1) Wallis failed to timely file a motion for rehearing with the Division and (2) Wallis failed to timely file a petition for review. Wallis responded that both filings were timely, and it also argued that the pleas to the jurisdiction should be denied because the order was void, and thus, no deadlines had run. The district court granted the pleas to the jurisdiction and dismissed the

case. We will affirm the district court's order because we conclude that (1) the Division's interim executive director had authority to issue a final order and (2) the petition for judicial review was not timely filed.

**BACKGROUND**

Honda Cars filed an application with the Division in August 2008 to open a new Honda motor-vehicle dealership in Rockwall, Texas. Wallis, an existing Honda motor-vehicle dealer, protested Honda Cars' application. *See generally* Tex. Occ. Code §§ 2301.001-.853 (establishing that Division regulates distribution and sale of motor vehicles in Texas, including licensing motor-vehicle dealers). American Honda intervened in support of Honda Cars' application. The Division referred the matter to the State Office of Administrative Hearings, which conducted a contested-case hearing. *See id.* § 2301.703 (providing that hearings are conducted in accordance with Chapter 2001, Government Code, the Administrative Procedure Act ("APA")). After the administrative law judges (ALJs) issued a proposal for decision, the matter was transferred to the Division for final determination. The Division's executive director took the proceeding under advisement after a public hearing. That executive director later resigned without issuing a decision. On January 20, 2012, an interim executive director executed the Division's order in Honda Cars' favor ("Merits Order"). On January 23, the Division sent the Merits Order to all counsel of record by fax and by first-class mail (both ordinary mail and certified mail, return receipt requested).

Wallis filed its motion for rehearing with the Division on February 15, as instructed in a letter from the Division. American Honda filed a motion to strike the motion for rehearing as untimely, asserting that Wallis's counsel had received the Merits Order by fax on the same day that

2

it was mailed, which started the twenty-day period for filing a motion for rehearing and made the due date February 13. *See* Tex. Gov't Code § 2001.146(a) (requiring party to file motion for rehearing "not later than the 20th day after the date on which the party or the party's attorney of record is notified as required by Section 2001.142 of a decision or order that may become final"); *see also id.* § 2001.142(a)-(c) (requiring personal notice or notice by first-class mail, requiring state agency to send copy of decision by first-class mail to attorneys of record, and establishing that attorney notified by mail under subsection (b) is presumed to have been notified on third day after date on which notice is mailed).

After considering Wallis's motion for rehearing, Honda Cars' and American Honda's replies, and American Honda's motion to strike Wallis's motion for rehearing, the Division issued an order on March 1 concluding that Wallis's motion had been untimely filed and that the Division's January 20 order had become final without any timely motion for rehearing being filed ("March 1 Order"). The Division denied American Honda's motion to strike, but it determined that a different basis existed for concluding that Wallis's motion for rehearing was untimely.[1]

Wallis filed its petition for judicial review in district court on April 13. As noted above, the appellees filed pleas to the jurisdiction asserting that both Wallis's motion for rehearing and its petition for review in district court had been untimely filed and that each missed deadline was independently fatal to the district court's jurisdiction. They contended that Wallis should have filed its petition for review no later than April 11.

---

[1] The Division noted that Wallis's counsel received the Merits Order on January 25, the second day after mailing, not the third day presumed under the APA. The Division concluded that this earlier notice date made February 14, not February 15, the twenty-day deadline for Wallis to file its motion for rehearing, meaning that Wallis's motion was filed one day late.

3

The trial court granted appellees' pleas to the jurisdiction "on all grounds other than that the motion for rehearing was untimely filed at the agency" and dismissed the case. This appeal followed.

## ANALYSIS

Wallis asserts that the dispositive issue in this appeal is whether the interim executive director of the Division had the authority to issue a final order in the administrative proceeding. *See* Tex. Occ. Code § 2301.652 (governing denials of license applications for dealerships). Wallis asserts that only the Board of the Texas Department of Motor Vehicles was allowed to rule on license applications after the Texas Legislature restructured the Division in 2009. *See id.* § 2301.652(a) (providing that Department's "board" may deny license applications); *see also id.* § 2301.005 (defining "board" as used in Chapter 2301 as "board of the Texas Department of Motor Vehicles"). Wallis contends that therefore the Merits Order was not final or was void because the Division exceeded its jurisdiction when the interim executive director issued the Merits Order. For this reason, Wallis argues, it was not required to exhaust its administrative remedies.

The appellees, on the other hand, assert that the district court's order granting the pleas to the jurisdiction should be affirmed. They contend Wallis failed to preserve the issue of the interim executive director's authority to issue a final order, but that even if error was preserved, Wallis is wrong on the merits of the issue. They also assert that the trial court correctly determined that Wallis missed the deadline for filing its petition for review in district court. In addition, the appellees assert that the district court properly dismissed Wallis's request for a declaratory judgment

4

as an impermissible redundant remedy. Finally, they contend that the motion for rehearing was not timely filed (an issue not reached by the district court).[2]

**Standard of review**

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Chapter 2301, which governs the licensing and regulation of the sale or lease of motor vehicles, provides that the APA governs judicial review of the Division's decisions. *See* Tex. Occ. Code § 2301.751(c). The APA allows a party who is aggrieved by a final agency decision in a contested case to seek judicial review of the agency's decision if the party has exhausted all of its administrative remedies available within the agency. *See* Tex. Gov't Code § 2001.171. To exhaust its administrative remedies, a party must timely file a motion for rehearing with the agency. *See id.* § 2001.145(a). If a motion for rehearing is not timely filed, the trial court lacks jurisdiction over a suit for judicial review of the agency's decision. *Hill v. Board of Trs.*, 40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.). Assuming that a timely motion for rehearing has been filed, after the motion has been overruled, the losing party must file its petition for judicial review no later than the 30th day that the order becomes final and appealable. *See* Tex. Gov't Code § 2001.176(a). If the petition for judicial review is not timely filed, the trial court lacks jurisdiction over the suit. *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (holding that APA Section

---

[2] The district court's order noted that the court did not reach the issue of the timeliness of the motion for rehearing because the other issues were dispositive.

5

2001.176(a) requirement that suit for judicial review must be filed within 30 days of agency decision becoming final and appealable is jurisdictional).

**The interim executive director's authority to issue a final order**

We first consider the interim executive director's authority to issue a final order because Wallis asserts that if this issue is resolved in its favor, then the Merits Order was not final or binding or it was void, meaning that Wallis was not required to exhaust administrative remedies and the timeliness issues would be irrelevant. As noted above, the appellees argue that Wallis failed to preserve this issue by not raising it in its motion for rehearing or its petition for review. Wallis replies that this issue is jurisdictional and thus cannot be waived. Regardless of the merits of these arguments, this Court has already resolved the issue of the interim executive director's authority against Wallis's position. *See Metro Ford Truck Sales v. Texas Dep't of Motor Vehicles*, No. 03-12-00411-CV, 2013 WL 1149538, at *2-3 (Tex. App.—Austin Mar. 13, 2013, pet. denied) (mem. op.).

In the *Metro Ford* case, Metro Ford, like Wallis, challenged the authority of the Division's executive director to issue final orders in administrative proceedings that had begun before legislation was enacted in 2009 that changed the organization of the Division. *See id.* at *1. In 2009, the Division was moved from the Texas Department of Transportation to the newly created Department of Motor Vehicles. *Id.* In addition to creating the Department of Motor Vehicles, the Legislature shifted the authority to issue final orders from the Division's executive director to the Department of Motor Vehicles Board. *Id.* This Court analyzed the applicable statutory language and the same arguments presented by Wallis in this case and determined that the executive director

6

retained final-order authority for cases filed before the 2009 amendments. *Id.* at *2-3 (holding that savings clause in legislation applied to both procedural and substantive aspects of law governing administrative proceedings before 2009 amendments and that both aspects of law continued to apply in ongoing cases). Wallis recognizes in its briefing that our opinion in *Metro Ford* is controlling on this issue, but at the time Wallis filed its briefs, Metro Ford's petition for review was pending before the Texas Supreme Court. The supreme court has since denied the petition for review, and therefore, the holding in *Metro Ford* governs this case. As a result, we conclude that the interim executive director could continue to issue orders in this administrative proceeding.

**Untimeliness of Wallis's filing of petition for judicial review**

Because we conclude that the interim director had the authority to issue the Merits Order, Wallis was required to exhaust its administrative remedies and timely file its petition for judicial review. Accordingly, we next address whether the district court appropriately determined that the pleas to the jurisdiction should be granted because Wallis failed to timely file its petition for judicial review.

A party "initiates judicial review in a contested case by filing a petition not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable." Tex. Gov't Code § 2001.176(a). If a motion for rehearing is not timely filed, a decision in a contested case becomes final on the expiration of the period for filing a motion for rehearing. *Id.* § 2001.144(a)(1). If a motion for rehearing is timely filed, a decision in a contested case becomes final and appealable on the date that either the order overruling the motion for rehearing is rendered or the motion is overruled by operation of law. *Id.* § 2001.144(a)(2).

7

If the petition for judicial review was not timely filed, then we need not reach the issue of whether the motion for rehearing was timely filed. *See* Tex. R. App. P. 47.1. Therefore, we will indulge the following assumptions in Wallis's favor: (1) that January 26 was the date Wallis was notified of the Merits Order as required by Section 2001.142; (2) that Wallis's filing of the motion for rehearing on February 15 was timely; and (3) that the motion was overruled by operation of law (i.e., the March 1 Order was not an order overruling the motion for rehearing). We make these assumptions because they would give Wallis the longest possible time to file its petition for judicial review.

An agency must act on a motion for rehearing no later than the 45th day after counsel is notified of an order that may become final as required by Section 2001.142. Tex. Gov't Code § 2001.146(c). If the agency does not act, the motion for rehearing is overruled by operation of law. *Id.* Assuming Wallis's counsel was notified of the Merits Order on January 26 and incorporating the three-day notice presumption, the latest date that the Division could act on Wallis's motion was Monday, March 12.[3] Assuming that Wallis's motion for rehearing was overruled by operation of law on March 12, its petition for judicial review was due 30 days later, on April 11. Wallis did not file its petition until April 13. Consequently, the trial court correctly determined that it lacked jurisdiction over Wallis's appeal.[4] *See HCA Healthcare*, 303 S.W.3d at 352.

---

[3] The 45th day after January 26, 2012 was Sunday, March 11, so the period extends to the next day that is not a Saturday, Sunday, or legal holiday. Tex. Gov't Code § 311.014.

[4] The untimeliness of Wallis's petition for judicial review provides a sufficient basis for this Court to affirm the trial court's grant of the pleas to the jurisdiction. Therefore, we do not reach the other issues addressed by the appellees on appeal. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having concluded that the trial court correctly determined that it lacked jurisdiction over Wallis's appeal, we overrule Wallis's sole issue on appeal and affirm the trial court's order granting the pleas to the jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   November 21, 2014

9